1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP**
Nicholas C. Soltman (State Bar No. 277418)
11766 Wilshire Blvd. Suite 750
Los Angeles, CA 90025
Phone:(310) 566-9800
Fax: (310) 566-9886
nsoltman@khiks.com

**THE SIMON LAW FIRM, P.C.**
Anthony G. Simon (*pro hac vice forthcoming*)
Jeremiah W. Nixon (*pro hac vice forthcoming*)
800 Market Street, Suite 1700
St. Louis, Missouri 63101
Phone: (314) 241-2929
Fax: (314) 241-2029
asimon@simonlawpc.com
jnixon@simonlawpc.com

*Attorneys for Plaintiff and the Class*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

CHRISTOPHER BARULICH,
individually and on behalf of
all others similarly situated,

            Plaintiffs;

v.

THE HOME DEPOT, INC.,
a Delaware corporation, and
GOOGLE, LLC.,
a Delaware limited liability company,

            Defendants.

Case No. 2:24-cv-01253

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

# CLASS ACTION COMPLAINT

Plaintiff Christopher Barulich, individually and on behalf of all other similarly situated persons, brings this action against Defendants The Home Depot, Inc., and Google, LLC, for violations of the California Invasion of Privacy Act ("CIPA"), and in support, upon personal knowledge as to the facts pertaining to himself and upon information and belief as to all other matters, and based on the investigation of counsel, states as follows:

## NATURE OF THE CASE

1.     Plaintiff brings this action on behalf of himself and all other Californians who called Home Depot customer service and had their privacy violated when Home Depot allowed Google to access, record, read, and learn the contents of their calls.

2.     Defendant Google developed and operates a service called Cloud Contact Center AI ("CCAI") that enables it to listen to and analyze customer service calls in real time.

3.     Beginning in 2021 or earlier, and without first implementing a practice of obtaining authorization from callers, Home Depot employed Google to use its CCAI technology to monitor and analyze all of its live customer service calls.

4.     The California Invasion of Privacy Act prohibits the surreptitious third-party monitoring and recording of phone calls carried out by Home Depot and Google in this case.

5.     Defendants violated CIPA each time someone called Home Depot and the contents of that call were disclosed to third-party Google without prior consent from all parties to the call.

6.     Plaintiff brings this action seeking remedy for these illegal practices.

**PARTIES**

7.     Plaintiff Christopher Barulich is an adult citizen of the State of California who resides in Los Angeles, California. On multiple occasions while located in California, Plaintiff Barulich used his cell phone to call Home Depot and spoke with live-agent customer service representatives. Upon information and belief, these calls were secretly wiretapped or eavesdropped upon and recorded by Google.

8.     Defendant The Home Depot, Inc. is a Delaware corporation with its headquarters located in Atlanta, Georgia. Home Depot has more than 2,300 stores in North America and over 230 stores in California alone. Home Depot owns and operates more stores in California than in any other state in the country.

9.     Defendant Google, LLC is a Delaware limited liability company with its principal place of business in Mountain View, California.

**JURISDICTION AND VENUE**

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d) because this case is a class action where the class includes more than 100 members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and members of the class are citizens of states different from at least one Defendant.

11.     This Court has personal jurisdiction over Home Depot because Home Depot conducts systematic and continuous business in California, directs advertising to California residents, and maintains a substantial retail store presence across the state.

12.     This Court has personal jurisdiction over Google because its principal place of business is in California.

13.     Venue is proper in this District under 28 U.S.C. § 1391 because this is a District in which Plaintiff resides and a substantial part of the events

CLASS ACTION COMPLAINT

1   or omissions giving rise to the claims occurred, and because Defendants are

2   subject to personal jurisdiction in this district.

3                          **FACTUAL ALLEGATIONS**

4   **A.      California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §**

5   **630,** *et seq.*

6            14.    In 1967, the California Legislature enacted the California

7   Invasion of Privacy Act. The Legislature has updated and amended CIPA

8   numerous times. *See* Cal. Penal Code § 630, *et seq*.

9            15.    The Legislature passed CIPA "in response to what it viewed as

10  a serious and increasing threat to the confidentiality of private

11  communications resulting from then recent advances in science and

12  technology that had led to the development of new devices and techniques

13  for eavesdropping upon and recording such private communications."

14  *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 115 (2006) (citations

15  omitted).

16           16.    The Legislature and subsequent California Supreme Court

17  decisions have highlighted the distinction between the mundane

18  "secondhand repetition" of a conversation and the much more dangerous

19  "simultaneous dissemination to an unannounced second auditor, whether

20  that auditor be a person or mechanical device." *Ribas v. Clark*, 38 Cal. 3d

21  355, 360–61 (1985).

22           17.    Section 631(a) of CIPA prohibits (i) intentional wiretapping,

23  (ii) willfully attempting to the learn the contents or meaning of a

24  communication in transit over a wire, and (iii) attempting to use or

25  communicate information obtained under (i) or (ii). Cal. Penal Code §

26  631(a).

27           18.    Further, this section also imposes liability upon any party who

28  "aids, agrees with, employs, or conspires with any person or persons" who

1  violate provisions (i)-(iii) of § 631(a).

2      19.    CIPA grants Plaintiff and class members the power to bring a

3  private right of action to remedy these privacy violations for $5,000 per

4  violation. *See* Cal. Penal Code § 637.2.

5  **B.    Plaintiff's communications with Home Depot**

6      20.    Plaintiff Barulich placed multiple calls to Home Depot

7  customer service, including most recently in or about October 2023.

8      21.    Durning these conversations with Home Depot, Plaintiff first

9  spoke with a Home Depot "virtual agent" and then was transferred to a

10  human Home Depot customer representative.

11      22.    Plaintiff reasonably believed that all communications on these

12  calls were only between himself and Home Depot.

13      23.    Plaintiff was not aware, and had no reason to believe, that his

14  communications were simultaneously being disclosed to a third party:

15  Google. Plaintiff was not informed at the beginning of his calls that Google

16  would be monitoring and recording the calls.

17      24.    When Plaintiff spoke with human Home Depot customer

18  service representatives, he had a reasonable expectation that the

19  conversation was only between himself and Home Depot.

20      25.    Plaintiff did not expect, or have any reason to believe, that

21  Google was listening to the contents of his conversations and, without prior

22  authorization, reading, attempting to read, or learning the contents or

23  meaning of Plaintiff's communications.

24      26.    But, upon information and belief, Google, though its Cloud

25  Contact Center AI, surreptitiously listened in and monitored Plaintiff's

26  communications with Home Depot. Google used this CCAI technology to

27  transcribe Plaintiff's conversations in real time, analyze the contents of

28  Plaintiff's communications, and suggest possible replies to the live Home

CLASS ACTION COMPLAINT

1    Depot agent on the phone.

2         27.    Throughout this process, Google read, attempted to read, or

3    learned the contents of Plaintiff's communications with Home Depot.

4         28.    Home Depot and Google worked together, employing the CCAI

5    technology, to invade the privacy of Plaintiff and all other similarly situated

6    callers in violation of CIPA. *See* Cal. Penal Code § 630, *et seq*.

7    **C.    Google Cloud Contact Center AI ("CCAI")**

8         29.    Google has developed an "artificial intelligence" product

9    designed to handle customer service that it has named Cloud Contact Center

10   AI or CCAI. On information and belief, Home Depot works with Google

11   and has used Google's CCAI since at least 2021.

12        30.    Google profits from its deployment of CCAI by charging users,

13   such as Home Depot, to use Google's CCAI services.

14        31.    Further, Google has the capability to use the contents of

15   communications it intercepts for purposes beyond the scope of individual

16   customer service calls. For example, Google can use information and data

17   gleaned from customer service calls to Home Depot to further train or

18   develop its AI models. On information and belief, Google uses customer

19   service calls to train and refine its AI models.

20        32.    When Plaintiff and class members called Home Depot customer

21   service, Google's CCAI did not act as a mere passive tool. Google CCAI is

22   an ongoing and ever-evolving arm of Google—a third party to conversations

23   between callers and Home Depot.

24        33.    Instead of functioning like a tape recorder purchased by Home

25   Depot, the use of CCAI allows Google itself to eavesdrop or wiretap into

26   live conversations between callers and Home Depot.

27        34.    Google intercepts and analyzes the real-time content of

28   communications between class members and Home Depot.

1      35.    Therefore, in a completely unauthorized manner and without

2  consent from callers, Google eavesdrops, taps, or connects to, calls between

3  Plaintiff and class members on one end, and Home Depot on the other end,

4  and reads, attempts to read, or learns the contents of communications

5  between the parties to each call.

6                              **CLASS ALLEGATIONS**

7      36.    Plaintiff brings this action as a class action under Federal Rule

8  of Civil Procedure 23, on his behalf, and also seeks to represent the

9  following proposed class:

10             All California residents who called Home Depot

11             during the timeframe in which Home Depot

12             permitted Google to access, read, and/or learn the

13             contents of callers' communications via its CCAI

14             service.

15      37.    Excluded from the class are Defendants, their past or current

16  officers, directors, affiliates, legal representatives, predecessors, successors,

17  assigns, and any entity in which any of them have a controlling interest, as

18  well as judicial officers assigned to this case as defined in 28 U.S.C. §

19  455(b) and their immediate families.

20      38.    **Numerosity (Fed. R. Civ. P. 23(a)(1))**: Members of this class

21  action are so numerous and geographically dispersed that joinder of all

22  members of the classes is impractical. Given that there are more than 230

23  Home Depot stores in the State of California, even a small percentage of

24  customers placing calls to Home Depot would satisfy Rule 23's numerosity

25  requirement.

26      39.    **Commonality and Predominance (Fed. R. Civ. P. 23(a)(2)**

27  **and 23(b)(3))**: Common questions of law and fact predominate over

28  questions that may affect individual members of the class. Common

CLASS ACTION COMPLAINT

1    questions that will determine the outcome of this class action include:

2          a.    Whether Google violated CIPA § 631;

3          b.    Whether Home Depot aided, agreed with, employed, or

4                conspired with Google to facilitate violations of CIPA §

5                631;

6          c.    Whether Google was a third party to calls or merely

7                provided a tool to Home Depot as an end user;

8          d.    Whether Plaintiff and members of the class are entitled to

9                damages for Defendants' CIPA violations;

10         e.    Whether Home Depot or Google obtained prior consent

11               from Plaintiff and members of the class before allowing a

12               third party, Google, to access live communications; and

13         f.    Whether Home Depot or Google claim to have obtained

14               retroactive consent from Plaintiff and members of the class.

15         40.    **Typicality (Fed. R. Civ. P. 23(a)(3))**: Plaintiff's claims are

16    typical of those of the class because Plaintiff, like all members of the class,

17    called Home Depot and spoke to customer service, but was not informed,

18    and did not provide authorization, regarding the third-party Google's access

19    to communications.

20         41.    **Adequacy (Fed. R. Civ. P. 23(a)(4))**: Plaintiff will fairly and

21    adequately protect the interests of the class because Plaintiff and his

22    experienced counsel are free of any conflicts of interest and are prepared to

23    vigorously litigate this action on behalf of the class. Plaintiff has retained

24    and is represented by qualified and competent counsel who are highly

25    experienced in complex class action litigation and are committed to

26    vigorously prosecuting this class action.

27         42.    **Superiority (Fed. R. Civ. P. 23(b)(3))**: Class treatment is the

28    superior method for a fair and efficient adjudication of this controversy as

1   individualized litigation of the claims of class members is impractical. Class

2   treatment will permit thousands of similarly situated person to prosecute

3   their common claims in a single forum simultaneously, efficiently, and

4   without the unnecessary duplication of evidence, effort, or expense that

5   individual lawsuits would entail. The benefits of proceeding through the

6   class mechanism, including providing injured persons a method for

7   obtaining redress on claims that could not practicably be pursued

8   individually, substantially outweigh potential difficulties in management of

9   this class action.

10       43.     The complex nature of the litigation, along with the expenses

11   associated with vigorous prosecution of these claims, renders individual

12   lawsuits irrational and not economically viable.

13       44.     Class certification is also appropriate for equitable or injunctive

14   relief because Defendant has acted or refused to act on grounds that apply

15   generally to the class such that final injunctive relief is appropriate for the

16   class as a whole.

17                          **CAUSES OF ACTION**

18                              **COUNT I**

19                            **(Against Google)**

20        **Violation of the California Invasion of Privacy Act,**

21                      **Cal. Penal Code § 631**

22       45.     Plaintiff incorporates all foregoing paragraphs as though fully

23   set forth herein.

24       46.     Plaintiff brings this claim individually and on behalf of the

25   members of the proposed class against Defendant Google for privacy

26   violations under CIPA.

27       47.     Section 631(a) imposes liability for four distinct patterns of

28   conduct. Liability under § 631(a) attaches to any person:

1    (i) Who, by means of any machine instrument, or contrivance, or in

2    any other manner, intentionally taps, or makes any unauthorized

3    connection, whether physically, electrically, acoustically, inductively,

4    or otherwise, with any telegraph or telephone wire, line, cable, or

5    instrument, including the wire, line, cable, or instrument of any

6    internal telephonic communication system,

7  OR

8    (ii) Who willfully and without the consent of all parties to the

9    communication, or in any unauthorized manner, reads, or attempts to

10    read, or learn the contents or meaning of any message, report, or

11    communication while the same is in transit or passing over any wire,

12    line, or cable, or is being sent from, or received at any place within

13    this state,

14  OR

15    (iii) Who uses, or attempts to use, in any manner, or for any purpose,

16    or to communicate in any way, any information so obtained,

17  OR

18    (iv) Who aids, agrees with, employs, or conspires with any person or

19    persons to unlawfully do, or permit, or cause to be done any of the

20    acts or things mentioned above in this section.

21                                                (Numbering added for clarity)

22    48.    Google's CCAI is a "machine, instrument, contrivance, or . . .

23  other manner" used to engage in conduct prohibited under CIPA.

24    49.    Google, through CCAI, intentionally tapped, or made an

25  unauthorized connection, electronically or otherwise, the telephone lines of

26  communications between callers—i.e., Plaintiff and class members—and

27  Home Depot.

28    50.    Google, through CCAI, willfully and without the consent of all

CLASS ACTION COMPLAINT

1    parties to the communication, or in any unauthorized manner, read, or

2    attempted to read, or learn the contents or meaning of electronic

3    communications of Plaintiff and class members while the electronic

4    communications were in transit or passing over any wire, line, or cable, or

5    were being sent from or received at any place in California.

6         51.    Plaintiff and class members did not consent to any of Google's

7    actions with regard to the conduct discussed herein. Moreover, Plaintiff and

8    class members could not have consented to Google's actions because callers

9    reasonably believed that their communications were between themselves and

10   Home Depot.

11        52.    Defendant Google invaded the privacy of Plaintiff and class

12   members by secretly listening in, recording, and analyzing live

13   communications between callers and Home Depot.

14        53.    Cal. Penal Code § 637.2 grants Plaintiff and class members the

15   power to bring a private action to remedy a violation of § 631 and fixes the

16   amount of damages recoverable at $5,000 per violation.

17        54.    Cal. Penal Code § 637.2 further entitles Plaintiff to bring an

18   action to enjoin and restrain any violation of Cal. Penal Code § 630 *et seq*.

19   **COUNT II**

20   **(Against Home Depot)**

21   **Violation of the California Invasion of Privacy Act,**

22   **Cal. Penal Code § 631**

23        55.    Plaintiff incorporates all foregoing paragraphs as though fully

24   set forth herein.

25        56.    As discussed above, CIPA imposes liability on any party who

26   "aids, agrees with, employs, or conspires with any person or persons to

27   unlawfully do, or permit, or cause to be done any of the acts or things

28   mentioned above in this section." Cal. Penal Code § 631(a).

57.     On information and belief, Home Depot employed Google and its CCAI system to monitor customer service phone calls.

58.     Home Depot knowingly and willingly enabled third-party Google to tap into live customer service calls and to learn the contents of those communications in real time.

59.     Plaintiff and class members did not consent to Home Depot's simultaneous disclosure of their communications to Google.

60.     Cal. Penal Code § 637.2 grants Plaintiff and class members the power to bring a private action to remedy a violation of § 631 and fixes the amount of damages recoverable at $5,000 per violation.

61.     Cal. Penal Code § 637.2 further entitles Plaintiff to bring an action to enjoin and restrain any violation of Cal. Penal Code § 630 *et seq.*

## PRAYER FOR RELIEF

62.     Wherefore, Plaintiffs, individually and on behalf of the proposed class, respectfully request that this Court:

a. Enter an order certifying the class under Rule 23 of the Federal Rules of Civil Procedure;

b. Designate Plaintiff as the representative of the class and designate Plaintiff's counsel as counsel for the class;

c. Declare that Defendants violated CIPA, Cal. Penal Code § 630 *et seq.*;

d. Grant permanent injunctive relief enjoining Defendants from eavesdropping on telephonic communications without the consent of all parties;

e. Enter judgment for Plaintiff and the class against Defendants on all counts and award Plaintiff and each class member damages in the amount of $5,000 per violation of Cal. Penal Code § 631, reasonable attorneys' fees, expenses, and costs;

f.   Award pre- and post-judgment interest; and

g.   Grant such other relief as the Court deems just and equitable under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable. Fed. R. Civ. P. 38.

Dated: February 14, 2024

Respectfully submitted,

**KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP**
Nicholas C. Soltman (State Bar No. 277418)
11766 Wilshire Blvd. Suite 750
Los Angeles, CA 90025
Phone:(310) 566-9800
Fax: (310) 566-9886
nsoltman@khiks.com

Anthony G. Simon (pro hac vice forthcoming)
Jeremiah W. Nixon (pro hac vice forthcoming)
**THE SIMON LAW FIRM, P.C.**
800 Market Street, Suite 1700
St. Louis, Missouri 63101
Phone: (314) 241-2929
Fax: (314) 241-2029
asimon@simonlawpc.com
jnixon@simonlawpc.com

*Attorneys for Plaintiff and the Class*