Julia E. Romano (SBN 260857)
jromano@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

S. Stewart Haskins (*pro hac vice* forthcoming)
shaskins@kslaw.com
Billie B. Pritchard (*pro hac vice* forthcoming)
bpritchard@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, N.E., Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

*Attorneys for Defendant*
*The Home Depot, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BARULICH, individually and on behalf of others similarly situated,<br><br>         Plaintiff,<br><br>  vs.<br><br>THE HOME DEPOT, INC., a Delaware corporation, and GOOGLE LLC, a Delaware limited liability company,<br><br>        Defendants. | Case No. 2:24-cv-01253-FLA-JC<br><br>**THE HOME DEPOT, INC.'S NOTICE OF MOTION, MOTION TO DISMISS, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION**<br><br>**(Fed. R. Civ. P. 12(b)(2))**<br><br>Hearing Date: June 7, 2024<br>Hearing Time: 1:30 p.m.<br>Judge:    Hon. Fernando L. Aenlle-Rocha<br>Courtroom:  6B<br><br>[Filed concurrently with Proposed Order] |

**HOME DEPOT'S NOTICE OF MOTION, MOTION TO DISMISS, AND MEMORANDUM IN SUPPORT**

## NOTICE OF MOTION AND MOTION

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT** on June 7, at 1:30 p.m., before the Honorable Fernando L. Aenlle-Rocha, in Courtroom 6B located in the First Street Courthouse, 350 W. 1st Street, Courtroom 6B, 6th Floor, Los Angeles, California 90012, Defendant The Home Depot, Inc. ("Home Depot") will and hereby does move this Court for an order granting its Motion to Dismiss the Complaint for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). This Motion is made on the basis that the Complaint fails to allege that the Court has either general or specific personal jurisdiction over Home Depot.

Home Depot's Motion to Dismiss is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Reply to be filed in support of this Motion, oral argument of counsel at the hearing, and any other matters this Court may properly consider by judicial notice or otherwise.

### CERTIFICATION OF CONFERENCE

Home Depot's Motion to Dismiss is made following the conference of counsel pursuant to Local Rule 7-3, which took place on April 9, 2024.

**HOME DEPOT'S NOTICE OF MOTION, MOTION TO DISMISS, AND MEMORANDUM IN SUPPORT**

1

**INTRODUCTION**

2    On February 14, 2024, Plaintiff Christopher Barulich brought this putative class

3    action against defendants The Home Depot, Inc.[1] ("Home Depot") and Google LLC

4    ("Google"), alleging that he placed a call to Home Depot's customer service line that was

5    recorded by Google's Cloud Contact Center AI technology ("CCAI") in violation of the

6    California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630, *et seq.* Based on

7    this alleged conduct, Barulich asserts two claims under CIPA. Count One alleges that

8    Google unlawfully listened to, recorded, and analyzed customer service calls with Home

9    Depot. Count Two alleges that Home Depot violated CIPA by aiding and abetting

10   Google's conduct. Home Depot disputes Barulich's claims; however, this Court need not

11   reach the merits of those arguments. Instead, the Court should dismiss Home Depot from

12   this action for lack of personal jurisdiction.

13   Contrary to Barulich's conclusory assertions in the Class Action Complaint

14   ("Complaint" or "Compl."), this Court does not have personal jurisdiction over Home

15   Depot. Indeed, the Southern District of California recently held that it lacked jurisdiction

16   over Home Depot based on the alleged use of similarly ubiquitous technology. *Kauffman*

17   *v. Home Depot, Inc.*, No. 23-CV-0259-AGS-AHG, 2024 WL 221434, at *3 (S.D. Cal.

18   Jan. 19, 2024) (granting motion to dismiss CIPA claim based on Home Depot's use of

19   "session replay" technology on its public website). To elaborate, the Court lacks general

20   personal jurisdiction over Home Depot because—as Barulich acknowledges—Home

21   Depot "is a Delaware corporation with its headquarters located in Atlanta, Georgia."

22   Compl. ¶ 8. In addition, the Court lacks specific personal jurisdiction over Home Depot

23   because it did not purposefully direct any relevant conduct at California, and Barulich's

24   ───────────────

25   [1] Barulich improperly names The Home Depot, Inc. as a defendant in this case. The Home
     Depot, Inc. is not a retailer and has made no contact with Barulich. It is the parent

26   company of Home Depot, U.S.A., Inc., which is a home improvement retailer. *See*

27   Defendant Home Depot Inc.'s Corporate Disclosure Statement and Notice of Interested
     Parties. In any event, the Court lacks personal jurisdiction over both these entities.

28

**HOME DEPOT'S NOTICE OF MOTION, MOTION TO DISMISS, AND
MEMORANDUM IN SUPPORT**

1   claim does not arise out of or relate to Home Depot's forum-related activities. For these

2   reasons, the Court should dismiss Home Depot from this action under Federal Rule of

3   Civil Procedure 12(b)(2).

4                                        **BACKGROUND**

5           Barulich's Complaint offers virtually no information about Home Depot's alleged

6   contact with California. To begin, Barulich acknowledges that Home Depot "is a

7   Delaware corporation with its headquarters located in Atlanta, Georgia." Compl. ¶ 8.

8   Nonetheless, he claims that "[t]his Court has personal jurisdiction over Home Depot

9   because Home Depot conducts systematic and continuous business in California, directs

10  advertising to California residents, and maintains a substantial retail store presence across

11  the state." *Id.* ¶ 11. Barulich offers no detail about this alleged "advertising." The

12  Complaint only states that "Home Depot has more than 2,300 stores in North America

13  and over 230 stores in California alone," more "than in any other state in the country."

14  *Id*. ¶ 8. Notably, Barulich does not allege how the remaining 2,070 stores are distributed

15  among the remaining states or even how that distribution compares to Home Depot's

16  worldwide presence. Moreover, Barulich does not allege that Home Depot made any

17  effort to reach out to him. Instead, Barulich states that he is a California resident who

18  called a Home Depot customer service line while he happened to be in California. *Id.* ¶ 7.

19  He does not allege that he called a Home Depot California store or even that Home Depot

20  called *him*.

21                                          **ARGUMENT**

22          As a matter of blackletter law, "the plaintiff bears the burden of demonstrating that

23  the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151,

24  1154 (9th Cir. 2006). "Where, as here, there is no applicable federal statute governing

25  personal jurisdiction, the district court applies the law of the state in which the district

26  court sits." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir.

27  2004); *see* Fed. R. Civ. P. 4(k)(1)(A). "Because California's long-arm jurisdictional

28  statute is coextensive with federal due process requirements, the jurisdictional analyses

**HOME DEPOT'S NOTICE OF MOTION, MOTION TO DISMISS, AND
MEMORANDUM IN SUPPORT**

1 under state law and federal due process are the same." *Id*.; *see* Cal. Civ. Proc. Code
2 § 410.10. To satisfy those due process requirements, courts may only exercise personal
3 jurisdiction over defendants who have minimum contacts with the forum such that the
4 exercise of jurisdiction "does not offend traditional notions of fair play and substantial
5 justice." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quotations omitted).

6 "There are two forms of personal jurisdiction that a forum state may exercise over
7 a nonresident defendant—general jurisdiction and specific jurisdiction." *Boschetto v.*
8 *Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008); *see Bristol-Myers Squibb Co. v. Super.*
9 *Ct. of Cal.*, 582 U.S. 255, 260–61 (2017). On one hand, general personal jurisdiction
10 turns on whether the defendant "is fairly regarded as at home" in the forum and thus
11 subject to a court adjudicating "any claim against [it]." *Id*. at 1780. On the other hand,
12 specific jurisdiction is proper where the suit "aris[es] out of or relate[s] to the defendant's
13 contacts with the forum" "but only as to a narrower class of claims." *Daimler AG v.*
14 *Bauman*, 571 U.S. 117, 127 (2014); *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592
15 U.S. 351, 359 (2021). Where, as here, a complaint "establishe[s] neither general nor
16 specific jurisdiction over" the defendant in the forum, then the court must dismiss the
17 lawsuit for want of jurisdiction. *Schwarzenegger*, 374 F.3d at 807.

18 **I.    HOME DEPOT IS NOT SUBJECT TO GENERAL PERSONAL**
19 **JURISDICTION IN CALIFORNIA.**

20 Barulich's Complaint does not allege that Home Depot is incorporated in
21 California or that it maintains its principal place of business in the State—the "paradigm
22 bases for general jurisdiction." *Daimler*, 571 U.S. at 137 (alterations adopted); *see also*
23 *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 414 (2017). Rather, Barulich acknowledges that
24 Home Depot is a "Delaware corporation with its headquarters located in Atlanta,
25 Georgia." Compl. ¶ 8. Thus, the Court "presumptively lacks general personal
26 jurisdiction." *Crouch v. Ruby Corp.*, 639 F. Supp. 3d 1065, at 1075 (S.D. Cal. Nov. 7,
27 2022).
28 Some courts have posited that in an "exceptional case," general jurisdiction might

**HOME DEPOT'S NOTICE OF MOTION, MOTION TO DISMISS, AND MEMORANDUM IN SUPPORT**

lie against a corporation outside of its state of incorporation/organization or principal place of business. *See Angelini Metal Works Co. v. Hubbard Iron Doors, Inc.*, 2016 WL 6304476, at *3 (C.D. Cal. Jan. 5, 2016) (quoting *Daimler*, 571 U.S. at 139 and *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014)). That exception is largely hypothetical, however, and even those courts have rejected the argument that general jurisdiction is appropriate wherever a corporation "engages in [] substantial, continuous, and systematic course of business." *Daimler*, 571 U.S. at 138; *Angelini Metal Works Co.*, 2016 WL 6304476, at *3. Indeed, a "corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 571 U.S. at 139 n.20. Whether such an exception can apply depends on "an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Id.*

This case is no exception to the general rule. Barulich claims that the Court has personal jurisdiction because "Home Depot conducts systematic and continuous business in California, directs advertising to California residents, and maintains a substantial retail store presence across the state." Compl. ¶ 11. The Complaint provides no information about this alleged "advertising." Instead, it states only that "Home Depot has more than 2,300 stores in North America and over 230 stores in California alone" and "owns and operates more stores in California than in any other state in the country." *Id.* ¶ 8. Notably, Barulich provides no meaningful details as to how Home Depot's alleged California contacts compare to those in other states (*e.g.*, how the remaining 2,070 stores are distributed). Nor does Barulich allege any facts relating to Home Depot's "activities worldwide—not just the extent of its contacts in [California]—to determine where it can be rightly considered at home." *In re Packaged Seafood Prods. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1141 (S.D. Cal. 2018). Without that comparison, Barulich's barebones assertion that Home Depot conducts business in California (as do many other businesses) does not demonstrate that Home Depot is otherwise "at home" in California for purposes of general jurisdiction. *See, e.g.*, *Licea v. Caraway Home Inc.*, No. EDCV 22-1791 JGB (SHKx), 655 F. Supp. 3d 954, 967 (C.D. Cal. Feb. 9, 2023) (failure to establish general

**HOME DEPOT'S NOTICE OF MOTION, MOTION TO DISMISS, AND MEMORANDUM IN SUPPORT**

jurisdiction where complaint merely stated that defendant "does business with California residents").

## II. HOME DEPOT IS NOT SUBJECT TO SPECIFIC PERSONAL JURISDICTION IN CALIFORNIA.

Absent general personal jurisdiction, this Court can only adjudicate Barulich's claim if it has specific jurisdiction over Home Depot. But specific jurisdiction is only proper where (1) the defendant "purposefully availed" itself of or "purposefully direct[ed]" its activities toward the forum; (2) the claim "arises out of or relates to the defendant's forum-related activities"; and (3) the exercise of jurisdiction is "reasonable." *Schwarzenegger*, 374 F.3d at 802; *see also Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). In cases sounding in tort, like the CIPA claim here, claims are analyzed under the "purposeful direction" framework, using the three-part effects test articulated in *Calder v. Jones*, 465 U.S. 783 (1984). *Briskin v. Shopify, Inc.*, 87 F.4th 404, 412 (9th Cir. 2023). *See Matera v. Google Inc.*, 2016 WL 5339806, at *10 (N.D. Cal. Sept. 23, 2016) (agreeing that CIPA claims bore a close relationship to the tort of invasion of privacy). "Under this test, 'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Briskin*, 87 F.4th at 412 (finding no specific personal jurisdiction against a defendant who offered a web-based payment processing platform to merchants nationwide because plaintiff's claim had to, but did not, arise out of or relate to Shopify's forum-related activities) (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011)). Additionally, "[d]ue process requires that a defendant be haled into court in a forum state based on his own affiliation with the [s]tate, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden*, 571 U.S. at 286.

Evaluating whether a claim "arises out of" or "relates to" a defendant's forum-related activities requires an "examin[ation of] the plaintiff's specific injury and its connection to the forum-related activities in question." *Briskin*, 87 F.4th at 413

**HOME DEPOT'S NOTICE OF MOTION, MOTION TO DISMISS, AND MEMORANDUM IN SUPPORT**

1    (discussing distinction between "arising out of" or "relating to"). For purposes of this

2    analysis, the Ninth Circuit has recently clarified that for a claim to "arise out of" a

3    defendant's business contacts, there must be a "causal relationship" between the two. *Id.*

4    at 414. And while personal jurisdiction may be based on business activities that "relate

5    to" a claim without a causal showing, that prong still "incorporates real limits, as it must

6    to adequately protect defendants foreign to a forum." *Id.* Accordingly, there must be "a

7    strong, direct connection between the defendant's forum-related activities and the

8    plaintiff's claims." *Id.*

9        Here, Barulich has not demonstrated that his claim "arises out of" or "relates to"

10    Home Depot's forum-related activities, or that Home Depot expressly aimed any relevant

11    conduct at California. The Complaint states that "Home Depot conducts systematic and

12    continuous business in California, directs advertising to California residents, and

13    maintains a substantial retail store presence across the state," but these "boilerplate

14    allegations" do not establish personal jurisdiction. Compl. ¶ 11; *see Talavera Hair*

15    *Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co.*, No., 18-CV-823-JLS (JLB), 2020

16    WL 6504947, at *2–3 (S.D. Cal. Nov. 5, 2020). Barulich does not allege that he viewed

17    this unspecified advertising, visited a California-based Home Depot store, or even bought

18    any products from Home Depot in the state. *See Bradley v. T-Mobile US, Inc.*, No. 17-

19    cv-07232-BLF, 2020 WL 1233924, at *15 (N.D. Cal. Mar. 13, 2020) ("[M]ost courts

20    have concluded that a nationwide advertising campaign is not 'expressly aimed' to each

21    state in which the advertisement appears."); *Briskin*, 87 F.4th at 414 (concluding that

22    non-resident defendant's in-state contacts, which included a physical location, had

23    "nothing to do" with the plaintiff's claims). But more importantly, Barulich's CIPA

24    claim—which is based solely on his calls to Home Depot's customer service line—has

25    *nothing* to do with any of these alleged contacts. To the extent Barulich claims that Home

26    Depot's "broader business actions in California set the wheels in motion for [Home

27    Depot] to eventually inflict privacy-related harm on him in California," that amounts to

28    "a butterfly effect theory of specific jurisdiction" that the Ninth Circuit has found "far

- 7 -                                      No. 2:24-cv-01253-FLA-JC

**HOME DEPOT'S NOTICE OF MOTION, MOTION TO DISMISS, AND
MEMORANDUM IN SUPPORT**

too expansive to satisfy due process." *Briskin*, 87 F.4th at 415; *Kauffman*, 2024 WL 221434, at *3 (holding that plaintiff's alleged "purchase of a physical product did not cause his data capture" and was therefore irrelevant to the personal jurisdiction analysis).

Nor does the Complaint demonstrate that Home Depot expressly aimed any conduct at California. For a court to exercise specific personal jurisdiction, the suit must "relate to the defendant's contacts with the *forum*"—not the plaintiff's contacts with the forum or the defendant's contacts with the plaintiff. *Bristol-Myers*, 582 U.S. at 262 (cleaned up; emphasis in original) (quoting *Daimler*, 571 U.S. at 118). "[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden*, 571 U.S. at 286. Nothing in the Complaint establishes that Home Depot targeted California. Rather, Barulich's claim is based on *his decision* to place calls from California to Home Depot's customer service phone line and the alleged recording of those calls. *See* Compl. ¶¶ 20–23. In other words, Barulich does not allege that *Home Depot* "target[s] California or distinguish[es] California from any other state where [the line] is accessible." *See Massie*, 2021 WL 2142728, at *4; *see also Yeager v. Airbus Grp. SE*, No. 8:19-cv-01793-JLS-ADS, 2021 WL 750836, at *6 (C.D. Cal. Jan. 26, 2021) (noting that "express aiming" requires that defendant "targets California consumers above and beyond consumers in any other geographic locations"). Relatedly, Barulich fails to plead that Home Depot knew that any "harm" allegedly caused by its actions "was more likely to cause harm in California than any other forum." *See Sacco v. Mouseflow, Inc.*, No. 2:20-cv-02330-TLN-KJN, 2022 WL 4663361, at *5 n.2 (E.D. Cal. Sept. 30, 2022).

Ultimately, Barulich's decision to call the Home Depot customer service line from California is a "unilateral activity" that does not support finding specific jurisdiction over Home Depot. *See Walden*, 571 U.S. at 284; *Chan v. UBS AG*, No. LA CV18-04211 JAK (FFMx), 2019 WL 6825747, at *8 (C.D. Cal. Aug. 5, 2019) (explaining that plaintiff's placing phone calls from California to a defendant outside of the forum "is the type of unilateral decision that cannot establish jurisdiction," since the plaintiff could have called

**HOME DEPOT'S NOTICE OF MOTION, MOTION TO DISMISS, AND MEMORANDUM IN SUPPORT**

the defendant "from anywhere in the world"); *Moledina v. Marriott Int'l, Inc.*, 635 F. Supp. 3d 941, 950 (C.D. Cal. 2022) ("Plaintiff's unilateral decision to reach out of California to contact Defendant located elsewhere and Defendant's recording of that communication, without more, cannot satisfy the express aiming requirement."). Accordingly, this Court should dismiss Barulich's claim against Home Depot for lack of personal jurisdiction.[2] *See Chan*, 2019 WL 6825747, at *12; *Moledina*, 635 F. Supp. 3d at 950; *Kauffman*, 2024 WL 221434, at *2–3.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Home Depot for lack of personal jurisdiction.

Dated: April 19, 2024

KING & SPALDING LLP

/s/ Julia E. Romano
Julia E. Romano
S. Stewart Haskins (*pro hac vice* pending)
shaskins@kslaw.com
Billie B. Pritchard (*pro hac vice* pending)
bpritchard@kslaw.com

*Attorneys for Defendant*
*The Home Depot, Inc.*

---

[2] Barulich cannot remedy his deficient jurisdictional allegations based on Google's California-based contacts. While "[t]he Ninth Circuit has stated that, '[f]or purposes of personal jurisdiction, the actions of an agent are attributable to the principal,'" Barulich does not allege that Google was acting as an agent of Home Depot. *See Cohodes v. MiMedx Grp., Inc.*, 2022 WL 15523079, at *2 (N.D. Cal. Oct. 27, 2022) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990)). Nor can Barulich use other "exotic theories of imputing contacts," including "'single enterprise,' 'aiding and abetting,' and 'ratification,'" which "are not valid theories of establishing personal jurisdiction in the Ninth Circuit . . . ." *See Iconlab Inc. v. Valeant Pharms. Int'l, Inc.*, No. 8:16-cv-01321-JLS-KES, 2017 WL 7240856, at *6 (C.D. Cal. Apr. 25, 2017), *aff'd sub nom. Iconlab, Inc. v. Bausch Health Cos., Inc.*, 828 F. App'x 363 (9th Cir. 2020).

**HOME DEPOT'S NOTICE OF MOTION, MOTION TO DISMISS, AND MEMORANDUM IN SUPPORT**

**LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for The Home Depot, Inc., certifies that this brief contains 2,732 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 19, 2024                    KING & SPALDING LLP

                                         */s/ Julia E. Romano*
                                         Julia E. Romano

                                         *Attorney for Defendant*
                                         *The Home Depot, Inc.*

**HOME DEPOT'S NOTICE OF MOTION, MOTION TO DISMISS, AND MEMORANDUM IN SUPPORT**