Julia E. Romano (SBN 260857)
jromano@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

S. Stewart Haskins (*pro hac vice*)
shaskins@kslaw.com
Billie B. Pritchard (*pro hac vice*)
bpritchard@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, N.E., Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

*Attorneys for Defendants*
*The Home Depot, Inc. and*
*Home Depot U.S.A., Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BARULICH, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE HOME DEPOT, INC., a Delaware corporation, HOME DEPOT U.S.A., INC., a Delaware corporation, and GOOGLE LLC, a Delaware limited liability company,<br><br>Defendants. | No. 2:24-cv-01253-FLA-JC<br><br>**THE HOME DEPOT, INC. AND HOME DEPOT U.S.A., INC.'S NOTICE OF MOTION, MOTION TO DISMISS, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION**<br><br>**(Fed. R. Civ. P. 12(b)(2))**<br><br>Hearing Date: June 21, 2024<br>Hearing Time: 1:30 p.m.<br>Judge: Hon. Fernando L. Aenlle-Rocha<br>Courtroom: 6B<br><br>[Filed concurrently with Proposed Order] |

## **TABLE OF CONTENTS**

**Page(s)**

I.     INTRODUCTION ................................................................................................ 2

II.    BACKGROUND ................................................................................................. 3

III.   ARGUMENT ....................................................................................................... 4

    A.   NEITHER HOME DEPOT ENTITY IS SUBJECT TO GENERAL PERSONAL JURISDICTION IN CALIFORNIA ....... 6

    B.   NEITHER HOME DEPOT ENTITY IS SUBJECT TO SPECIFIC PERSONAL JURISDICTION IN CALIFORNIA ........ 7

IV.    CONCLUSION ................................................................................................. 12

# **TABLE OF AUTHORITIES**

Page(s)

## Cases

*Angelini Metal Works Co. v. Hubbard Iron Doors, Inc.*,
 No. CV 11-6392-GHK, 2016 WL 6304476 (C.D. Cal. Jan. 5, 2016) ..................6

*BNSF Ry. Co. v. Tyrrell*,
 581 U.S. 402 (2017)............................................................................................6

*Boschetto v. Hansing*,
 539 F.3d 1011 (9th Cir. 2008) ............................................................................5

*Bradley v. T-Mobile US, Inc.*,
 No. 17-cv-07232-BLF, 2020 WL 1233924 (N.D. Cal. Mar. 13, 2020) ..............9

*Briskin v. Shopify, Inc.*,
 87 F.4th 404 (9th Cir. 2023) ................................................................. 7, 8, 9, 10

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*,
 582 U.S. 255 (2017).......................................................................................5, 10

*Calder v. Jones*,
 465 U.S. 783 (1984)............................................................................................7

*Chan v. UBS AG*,
  No. LA CV18-04211 JAK (FFMx), 2019 WL 6825747 (C.D. Cal.
 Aug. 5, 2019) ...............................................................................................11, 12

*Cohodes v. MiMedx Grp., Inc.*,
 No. 3:22-CV-00368-JD, 2022 WL 15523079 (N.D. Cal. Oct. 27, 2022) ..........12

*Crouch v. Ruby Corp.*,
 639 F. Supp. 3d 1065 (S.D. Cal. Nov. 7, 2022)..................................................6

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014)................................................................................5, 6, 10

*Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*,
 557 F.2d 1280 (9th Cir. 1977) ............................................................................5

*Doe v. Unocal Corp.*,
 27 F. Supp. 2d 1174 (C.D. Cal. 1998) ................................................................5

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
  592 U.S. 351 (2021)...................................................................................................5

*Iconlab Inc. v. Valeant Pharms. Int'l, Inc.*, No. 8:16-CV-01321- JLS-KES,
  2017 WL 7240856 (C.D. Cal. Apr. 25, 2017)....................................................12

*Kauffman v. Home Depot, Inc.*,
  No. 23-CV-0259-AGS-AHG, 2024 WL 221434 (S.D. Cal. Jan. 19,
  2024)..............................................................................................................10, 12

*Licea v. Caraway Home Inc.*,
  655 F. Supp. 3d 954 (C.D. Cal. 2023)..................................................................7

*LNS Enterps. LLC v. Cont'l Motors, Inc.*,
  22 F.4th 852 (9th Cir. 2022).................................................................................5

*Martinez v. Aero Caribbean*,
  764 F.3d 1062 (9th Cir. 2014)..............................................................................6

*Massie v. Gen. Motors Co.*,
  No. 1:20-CV-01560-JLT, 2021 WL 2142728 (E.D. Cal. May 26, 2021)..........10

*Matera v. Google Inc.*,
  No. 15-CV-04062-LHK, 2016 WL 5339806 (N.D. Cal. Sept. 23, 2016)............7

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
  647 F.3d 1218 (9th Cir. 2011)..............................................................................8

*Mazal Grp. LLC v. Yousef*,
  No. 2:23-cv-03278-FWS-AGR, 2023 WL 8896263 (C.D. Cal. Nov. 8,
  2023)......................................................................................................................9

*Medimpact Healthcare Sys., Inc. v. IQVIA Holdings Inc.*,
  No. 19-CV-1865-GPC(LL), 2020 WL 1433327 (S.D. Cal. Mar. 24,
  2020)......................................................................................................................9

*Moledina v. Marriott Int'l, Inc.*,
  635 F. Supp. 3d 941 (C.D. Cal. 2022).........................................................11, 12

*In re Packaged Seafood Prods. Antitrust Litig.*,
  338 F. Supp. 3d 1118 (S.D. Cal. 2018)................................................................7

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006)..............................................................................4

*Picot v. Weston*,
   780 F.3d 1206 (9th Cir. 2015) ...................................................................................7

*Sacco v. Mouseflow, Inc.*,
   No. 2:20-cv-02330-TLN-KJN, 2022 WL 4663361 (E.D. Cal. Sept. 30, 2022) ..........................................................................................................................11

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ............................................................................4, 5, 7

*Sher v. Johnson*,
   911 F.2d 1357 (9th Cir. 1990) ................................................................................4, 12

*Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co.*,
   No. 18-CV-823-JLS (JLB), 2020 WL 6504947 (S.D. Cal. Nov. 5, 2020) ............................................................................................................................9

*Walden v. Fiore*,
   571 U.S. 277 (2014) ............................................................................... 5, 8, 10, 11

*X Corp. v. Ctr. for Countering Digital Hate Ltd.*,
   No. 23-CV-03836-CRB, 2024 WL 1245993 (N.D. Cal. Mar. 25, 2024) .............5

*Yeager v. Airbus Grp. SE*,
   No. 8:19-CV-01793-JLS-ADS, 2021 WL 750836 (C.D. Cal. Jan. 26, 2021) .....................................................................................................................10

*Zeiger v. WellPet LLC*,
   304 F. Supp. 3d 837 (N.D. Cal. 2018) .................................................................9

**Statutes**

Cal. Civ. Proc. Code § 410.10...................................................................................4

California Invasion of Privacy Act ................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 4(k)(1)(A) .........................................................................................4

Fed. R. Civ. P. 12(b)(2).............................................................................................2

# NOTICE OF MOTION AND MOTION

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT** on June 21, at 1:30 p.m., before the Honorable Fernando L. Aenlle-Rocha, in Courtroom 6B located in the First Street Courthouse, 350 W. 1st Street, Courtroom 6B, 6th Floor, Los Angeles, California 90012, Defendants The Home Depot, Inc. and Home Depot U.S.A., Inc. will and hereby do move this Court for an order granting their Motion to Dismiss the First Amended Class Action Complaint for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). This Motion is made on the basis that the First Amended Class Action Complaint fails to allege that the Court has either general or specific personal jurisdiction over The Home Depot, Inc. or Home Depot U.S.A., Inc.

The Motion to Dismiss is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Reply to be filed in support of this Motion, the Declaration of Craig Sultan, oral argument of counsel at the hearing, and any other matters this Court may properly consider by judicial notice or otherwise.

## CERTIFICATION OF CONFERENCE

This Motion to Dismiss is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 8, 2024.

## I. INTRODUCTION

On February 14, 2024, Plaintiff Christopher Barulich brought this putative class action against Defendants The Home Depot, Inc. and Google LLC ("Google"), alleging that his calls to an unspecified customer service line were unlawfully intercepted by Google's Cloud Contact Center AI technology ("CCAI") in violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630, *et seq*. The Home Depot, Inc. moved to dismiss Barulich's original complaint on April 19, 2024 for lack of personal jurisdiction. Dkt. 27. Rather than responding to that motion, however, Barulich filed his First Amended Class Action Complaint ("FAC") in an effort to bolster his defective jurisdictional allegations and to add Home Depot U.S.A., Inc. as a defendant. *See* Dkt. 32. Barulich's handful of new allegations do not change the result. If anything, the FAC only underscores Barulich's inability to allege facts showing that this Court has personal jurisdiction over either The Home Depot, Inc. or Home Depot U.S.A., Inc. (collectively, "Home Depot").

To elaborate, the Court lacks general personal jurisdiction over either The Home Depot, Inc. or Home Depot U.S.A., Inc. because—as Barulich acknowledges—each entity "is a Delaware corporation with its principal place of business in Atlanta, Georgia." *See* FAC ¶¶ 8–9. In addition, the Court lacks specific personal jurisdiction over these Home Depot entities because they did not purposefully direct any relevant conduct at California, and Barulich's claims do not arise out of or relate to Home Depot's forum-related activities. While the FAC fails to establish jurisdiction on its face, Home Depot also submits the Declaration of Craig Sultan ("Sultan Decl."), Dkt. 39-1, in support of this renewed motion to dismiss. Not only does the Sultan Declaration foreclose Barulich's misguided attempts to establish jurisdiction, but it also establishes that Home Depot did not use (and has never used) the CCAI technology in question on either its national or California-based phone lines. For these reasons, the Court should dismiss Home Depot from this action under Federal Rule of Civil Procedure 12(b)(2).

## II.  BACKGROUND

Barulich's FAC offers minimal information about The Home Depot, Inc. and Home Depot U.S.A., Inc.'s alleged contacts with California. To begin, Barulich acknowledges that each Home Depot entity "is a Delaware corporation with its principal place of business in Atlanta, Georgia." *See* FAC ¶¶ 8–9. Barulich also acknowledges that The Home Depot, Inc. and Home Depot U.S.A., Inc. are separate entities. *Id.* ¶ 8 ("The Home Depot, Inc. is the parent of Defendant Home Depot U.S.A., Inc."). Nonetheless, Barulich refers to them "collectively as 'Home Depot'" throughout the FAC, *id.* ¶ 9, and he claims that "[t]his Court has personal jurisdiction over [the collective] Home Depot because Home Depot conducts systematic and continuous business in California, directs advertising to California residents, and maintains a substantial retail store presence across the state." *Id.* ¶ 12. Barulich offers no detail about this alleged "advertising" or how it could relate to his claims. The FAC only states that the collective "Home Depot has more than 2,300 stores in North America and over 230 stores in California alone," more "than in any other state in the country." *Id.* ¶ 8. Notably, Barulich does not allege how the remaining 2,070 stores are distributed among the remaining states or even how that distribution compares to Home Depot's worldwide presence.

The FAC also states that "California consumers call [an unspecified] Home Depot [entity] because of its presence and activities in the state," and notes that Barulich "and his family have visited Home Depot's retail locations in California and viewed Home Depot's website, which also offers to sell and ship goods to California consumers." *See id.*; *see also id.* ¶¶ 21, 23 (alleging "Barulich has often visited Home Depot's retail stores in the Los Angeles area to shop for and purchase goods for various projects"). Barulich notes that he "has placed calls to Home Depot related to those interactions." *Id.* ¶¶ 12, 34. Specifically, Barulich claims that he placed two calls to "Home Depot" in the fall of 2023 related to his wife's alleged interaction with a Home Depot employee: one to "a local California number," and one to "a Home Depot national number." *Id.* ¶¶ 24–27. Barulich claims that he spoke with "live Home Depot employees" during both calls, *id.*

¶ 28, and that "upon information and belief," "Google used . . . CCAI technology to transcribe Plaintiff's conversations in real time, analyze the contents of Plaintiff's communications, and suggest possible replies to the live Home Depot agent on the phone." *Id.* ¶ 33.

The technology that Barulich describes in the FAC is Google "Agent Assist," which is one of several different technologies offered through Google's CCAI platform. Sultan Decl. ¶ 5; *see also Contact Center AI*, https://cloud.google.com/solutions/contact-center (last visited May 16, 2024); *Agent Assist*, https://cloud.google.com/agent-assist?hl=en (last visited May 16, 2024). However, contrary to Barulich's "information and belief," FAC ¶ 33, Home Depot has never used Google Agent Assist on its national telephone lines or local telephone lines in California. Sultan Decl. ¶ 6. Moreover, Home Depot's records reflect only one call from Barulich. *Id.* ¶ 8. That call was made on October 7, 2023 at 5:06 pm PT to Home Depot's nationwide customer service line at 1-800-HOME-DEPOT (1-800-466-3337) and lasted twenty-two (22) seconds. *Id.* No communication (or any utterance) by Barulich was transcribed during the October 7 call. *Id.*

### III. ARGUMENT

A plaintiff bears the burden of demonstrating that the court has jurisdiction over each defendant. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006); *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990) ("[J]urisdiction over each defendant must be established individually."). "Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004); *see* Fed. R. Civ. P. 4(k)(1)(A). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Id.*; *see* Cal. Civ. Proc. Code § 410.10. To satisfy those due process requirements, courts may only exercise personal jurisdiction over defendants who have minimum contacts with the

forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quotations omitted).

"There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008); *see Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 582 U.S. 255, 260–61 (2017). On one hand, general personal jurisdiction turns on whether the defendant "is fairly regarded as at home" in the forum and thus subject to a court adjudicating "any claim against [it]." *Id*. at 262. On the other hand, specific jurisdiction is proper where the suit "aris[es] out of or relate[s] to the defendant's contacts with the forum" "but only as to a narrower class of claims." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021).

"In assessing whether personal jurisdiction exists, the court is not limited to a plaintiff's complaint and may consider evidence presented in affidavits or order discovery on jurisdictional issues. . . . Although all uncontroverted allegations are taken as true, a court may not 'assume the truth of allegations in a pleading which are contradicted by affidavit.'" *X Corp. v. Ctr. for Countering Digital Hate Ltd.*, No. 23-CV-03836-CRB, 2024 WL 1245993, at *4 (N.D. Cal. Mar. 25, 2024) (citing and quoting *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1284–85 (9th Cir. 1977)); *see also Doe v. Unocal Corp.*, 27 F. Supp. 2d 1174, 1179 (C.D. Cal. 1998) (considering declarations in granting motion to dismiss for lack of personal jurisdiction). "Declarations and affidavits are functional equivalents in this context." *X Corp.*, 2024 WL 1245993, at *4 n.4 (citing *LNS Enterps. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022)).

Where, as here, a complaint "establishe[s] neither general nor specific jurisdiction over" the defendant in the forum, then the court must dismiss the lawsuit for want of jurisdiction. *Schwarzenegger*, 374 F.3d at 807.

## A. NEITHER HOME DEPOT ENTITY IS SUBJECT TO GENERAL PERSONAL JURISDICTION IN CALIFORNIA

Barulich's FAC does not allege that either Home Depot entity is incorporated in California or maintains its principal place of business in the State—the "paradigm bases for general jurisdiction." *Daimler*, 571 U.S. at 137 (alterations adopted); *see also BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 414 (2017). Rather, Barulich acknowledges that The Home Depot, Inc. and Home Depot U.S.A., Inc. are "Delaware corporation[s] with their principal place of business in Atlanta, Georgia." FAC ¶¶ 8–9. Thus, the Court "presumptively lacks general personal jurisdiction." *Crouch v. Ruby Corp.*, 639 F. Supp. 3d 1065, 1075 (S.D. Cal. Nov. 7, 2022).

Some courts have posited that in an "exceptional case," general jurisdiction might lie against a corporation outside of its state of incorporation/organization or principal place of business. *See Angelini Metal Works Co. v. Hubbard Iron Doors, Inc.*, No. CV 11-6392-GHK (PLAx), 2016 WL 6304476, at *3 (C.D. Cal. Jan. 5, 2016) (quoting *Daimler*, 571 U.S. at 139 and *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014)). That exception is largely hypothetical, however, and even those courts have rejected the argument that general jurisdiction is appropriate wherever a corporation "engages in [] substantial, continuous, and systematic course of business." *Daimler*, 571 U.S. at 138; *Angelini Metal Works Co.*, 2016 WL 6304476, at *3. Indeed, a "corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 571 U.S. at 139 n.20. Whether such an exception can apply depends on "an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Id.*

This case is no exception to the general rule. Barulich claims that the Court has personal jurisdiction over both entities because "Home Depot" collectively "conducts systematic and continuous business in California, directs advertising to California residents, and maintains a substantial retail store presence across the state." FAC ¶ 12. The FAC provides no information about this alleged "advertising." Instead, it states only that "Home Depot has more than 2,300 stores in North America and over 230 stores in

California alone" and "owns and operates more stores in California than in any other state in the country." *Id.* ¶ 8. Notably, Barulich provides no meaningful details as to how Home Depot's alleged California contacts compare to those in other states (*e.g.*, how the remaining 2,070 stores are distributed). Nor does Barulich allege any facts relating to Home Depot's "activities worldwide—not just the extent of its contacts in [California]—to determine where it can be rightly considered at home." *In re Packaged Seafood Prods. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1141 (S.D. Cal. 2018). Without that comparison, Barulich's barebones assertion that "Home Depot" collectively conducts business in California (as do many other businesses) does not demonstrate that either The Home Depot, Inc. or Home Depot U.S.A., Inc. is otherwise "at home" in California for purposes of general jurisdiction. *See, e.g.*, *Licea v. Caraway Home Inc.*, 655 F. Supp. 3d 954, 967 (C.D. Cal. 2023) (failure to establish general jurisdiction where complaint merely stated that defendant "does business with California residents"). Home Depot noted this deficiency in its first motion to dismiss, yet Barulich has made no attempt to cure it. *See* Dkt. 27 at 6.

## B. NEITHER HOME DEPOT ENTITY IS SUBJECT TO SPECIFIC PERSONAL JURISDICTION IN CALIFORNIA

Absent general personal jurisdiction, this Court can only adjudicate Barulich's claims if it has specific jurisdiction over The Home Depot, Inc. and Home Depot U.S.A., Inc. Specific jurisdiction is only proper where (1) the defendant "purposefully availed" itself of or "purposefully direct[ed]" its activities toward the forum; (2) the claim "arises out of or relates to the defendant's forum-related activities"; and (3) the exercise of jurisdiction is "reasonable." *Schwarzenegger*, 374 F.3d at 802; *see also Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). In cases sounding in tort, like the CIPA claims here, claims are analyzed under the "purposeful direction" framework, using the three-part effects test articulated in *Calder v. Jones*, 465 U.S. 783 (1984). *Briskin v. Shopify, Inc.*, 87 F.4th 404, 412 (9th Cir. 2023); *see Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 5339806, at *10 (N.D. Cal. Sept. 23, 2016) (agreeing that CIPA claims bore a

close relationship to the tort of invasion of privacy). "Under this test, 'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Briskin*, 87 F.4th at 412 (finding no specific personal jurisdiction against a defendant who offered a web-based payment processing platform to merchants nationwide because plaintiff's claim had to, but did not, arise out of or relate to Shopify's forum-related activities) (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011)). Additionally, "[d]ue process requires that a defendant be haled into court in a forum state based on his own affiliation with the [s]tate, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden*, 571 U.S. at 286.

Evaluating whether a claim "arises out of" or "relates to" a defendant's forum-related activities requires an "examin[ation of] the plaintiff's specific injury and its connection to the forum-related activities in question." *Briskin*, 87 F.4th at 413 (discussing distinction between "arising out of" or "relating to"). For purposes of this analysis, the Ninth Circuit has recently clarified that for a claim to "arise out of" a defendant's business contacts, there must be a "causal relationship" between the two. *Id.* at 414. And while personal jurisdiction may be based on business activities that "relate to" a claim without a causal showing, that prong still "incorporates real limits, as it must to adequately protect defendants foreign to a forum." *Id.* Accordingly, there must be "a strong, direct connection between the defendant's forum-related activities and the plaintiff's claims." *Id.*

Here, Barulich cannot demonstrate that his claim "arises out of" or "relates to" The Home Depot, Inc.'s or Home Depot U.S.A., Inc.'s forum-related activities, or that either Home Depot entity expressly aimed any relevant conduct at California. To begin, Barulich makes no effort to attribute any specific alleged contact(s) to either The Home Depot, Inc. or Home Depot, U.S.A., Inc. individually. Instead, the FAC refers to both entities collectively as "Home Depot." FAC ¶ 9. That defective pleading alone is fatal to

Barulich's bid to establish personal jurisdiction. As one court has explained, "Plaintiffs must make a prima facie showing of jurisdictional facts giving rise to specific jurisdiction over each defendant separately. . . . Moreover, it is well-established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes." *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 848–49 (N.D. Cal. 2018) (quotation omitted; alterations accepted); *see also Mazal Grp. LLC v. Yousef*, No. 2:23-cv-03278-FWS-AGR, 2023 WL 8896263, at *5 (C.D. Cal. Nov. 8, 2023) ("[G]eneralized allegations about a group of defendants, without specific facts as to each individual defendant's activities, cannot give rise to personal jurisdiction."); *Medimpact Healthcare Sys., Inc. v. IQVIA Holdings Inc.*, No. 19-CV-1865-GPC(LL), 2020 WL 1433327, at *5 (S.D. Cal. Mar. 24, 2020) (dismissing for lack of personal jurisdiction where plaintiff failed to "specifically isolate the jurisdictional facts amongst the different IQVIA entities and improperly lump[ed] IQVIA defendants together").

But setting that failing aside, Barulich cannot establish specific personal jurisdiction through "boilerplate allegations" that "Home Depot conducts systematic and continuous business in California, directs advertising to California residents, and maintains a substantial retail store presence across the state." FAC ¶¶ 12, 21; *see Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co.*, No. 18-CV-823-JLS (JLB), 2020 WL 6504947, at *2–3 (S.D. Cal. Nov. 5, 2020). Barulich does not allege that he viewed this unspecified advertising or bought any products from Home Depot that caused him to initiate the two calls in question. *See Bradley v. T-Mobile US, Inc.*, No. 17-cv-07232-BLF, 2020 WL 1233924, at *15 (N.D. Cal. Mar. 13, 2020) ("[M]ost courts have concluded that a nationwide advertising campaign is not 'expressly aimed' to each state in which the advertisement appears."); *Briskin*, 87 F.4th at 414 (concluding that non-resident defendant's in-state contacts, which included a physical location, had "nothing to do" with the plaintiff's claims). But more importantly, Barulich's CIPA claims—which are based solely on his two alleged calls to Home Depot customer service lines—have *nothing* to do with any of these alleged contacts. To the extent Barulich

claims that Home Depot's "broader business actions in California set the wheels in motion for [Home Depot] to eventually inflict privacy-related harm on him in California," that amounts to "a butterfly effect theory of specific jurisdiction" that the Ninth Circuit has found "far too expansive to satisfy due process." *Briskin*, 87 F.4th at 415; *see also Kauffman*, 2024 WL 221434, at *3 (holding that plaintiff's alleged "purchase of a physical product did not cause his data capture" and was therefore irrelevant to the personal jurisdiction analysis).

Nor does the FAC demonstrate that either The Home Depot, Inc, or Home Depot, U.S.A., Inc. expressly aimed any relevant conduct at California. For a court to exercise specific personal jurisdiction, the suit must "relate to the defendant's contacts with the *forum*"—not the plaintiff's contacts with the forum or the defendant's contacts with the plaintiff. *Bristol-Myers*, 582 U.S. at 262 (cleaned up; emphasis in original) (quoting *Daimler*, 571 U.S. at 118). "[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden*, 571 U.S. at 286. Nothing in the FAC establishes that Home Depot targeted California. Rather, Barulich's claims are based on *his decision* to place calls from California to Home Depot's customer service phone lines and the alleged application of Google CCAI technology to those calls. *See* Compl. ¶¶ 20–23. In other words, Barulich does not allege that *Home Depot* "target[s] California or distinguish[es] California from any other state where [the line] is accessible." *See Massie v. Gen. Motors Co.*, No. 1:20-CV-01560-JLT, 2021 WL 2142728, at *4 (E.D. Cal. May 26, 2021); *Yeager v. Airbus Grp. SE*, No. 8:19-CV-01793-JLS-ADS, 2021 WL 750836, at *6 (C.D. Cal. Jan. 26, 2021) (noting that "express aiming" requires that defendant "targets California consumers above and beyond consumers in any other geographic locations"); *see also Kauffman v. Home Depot, Inc.*, No. 23-CV-0259-AGS-AHG, 2024 WL 221434, at *3 (S.D. Cal. Jan. 19, 2024) (granting motion to dismiss CIPA claim based on the ubiquitous use of "session replay" technology on a public website). Relatedly, Barulich fails to plead that Home Depot knew that any "harm" allegedly caused by its actions "was more likely to cause harm in California than

any other forum." *See Sacco v. Mouseflow, Inc.*, No. 2:20-cv-02330-TLN-KJN, 2022 WL 4663361, at *5 n.2 (E.D. Cal. Sept. 30, 2022).

In short, Barulich's decision to call Home Depot customer service lines from California is a "unilateral activity" that does not support finding specific jurisdiction over The Home Depot, Inc. or Home Depot U.S.A., Inc. *See Walden*, 571 U.S. at 284; *Chan v. UBS AG*, No. LA CV18-04211 JAK (FFMx), 2019 WL 6825747, at *8 (C.D. Cal. Aug. 5, 2019) (explaining that plaintiff's placing phone calls from California to a defendant outside of the forum "is the type of unilateral decision that cannot establish jurisdiction," since the plaintiff could have called the defendant "from anywhere in the world"); *Moledina v. Marriott Int'l, Inc.*, 635 F. Supp. 3d 941, 950 (C.D. Cal. 2022) ("Plaintiff's unilateral decision to reach out of California to contact Defendant located elsewhere and Defendant's recording of that communication, without more, cannot satisfy the express aiming requirement.").

Finally, Barulich cannot amend his pleading (yet again) to establish personal jurisdiction over either The Home Depot, Inc. or Home Depot U.S.A., Inc. To begin, The Home Depot, Inc. is not a retailer and has made no contact with Barulich whatsoever. Sultan Decl. ¶ 9. Most importantly, however, Barulich's entire FAC—including his jurisdictional allegations—incorrectly assumes "upon information and belief" that "Google used . . . CCAI technology to transcribe Plaintiff's conversations in real time, analyze the contents of Plaintiff's communications, and suggest possible replies to the live Home Depot agent on the phone." FAC ¶ 33. The technology that Barulich describes is Google "Agent Assist," which is one of several individual technologies offered through Google's CCAI platform. Sultan Decl. ¶ 5. Contrary to Barulich's allegations, however, Home Depot has never used Google Agent Assist on its national telephone lines or local telephone lines in California. *Id.* ¶ 6. Moreover, Home Depot's records reflect only one call from Barulich. *Id.* ¶ 8. That call was made on October 7, 2023 at 5:06 p.m. PT to Home Depot's nationwide customer service line at 1-800-HOME-DEPOT (1-800-466-3337) and lasted twenty-two (22) seconds. *Id.* No communication (or any utterance) by

Barulich was transcribed during the October 7 call. *Id.* Barulich's singular call to a *nationwide* line does not support personal jurisdiction in this Court—or his CIPA claims.

Accordingly, this Court should dismiss Barulich's claims against The Home Depot, Inc. and Home Depot U.S.A., Inc. for lack of personal jurisdiction.[1] *See Chan*, 2019 WL 6825747, at *12; *Moledina*, 635 F. Supp. 3d at 950; *Kauffman*, 2024 WL 221434, at *2–3.

## IV. CONCLUSION

For the foregoing reasons, this Court should dismiss Barulich's claims against The Home Depot, Inc. and Home Depot U.S.A., Inc. for lack of personal jurisdiction.

Dated: May 24, 2024

KING & SPALDING LLP

*/s/ Julia E. Romano*
Julia E. Romano
S. Stewart Haskins (*pro hac vice*)
Billie B. Pritchard (*pro hac vice*)

Attorneys for Defendants
The Home Depot, Inc. and Home Depot U.S.A., Inc.

---

[1] Barulich cannot remedy his deficient jurisdictional allegations based on Google's California-based contacts. While "[t]he Ninth Circuit has stated that, '[f]or purposes of personal jurisdiction, the actions of an agent are attributable to the principal,'" Barulich does not allege that Google was acting as an agent of either Home Depot entity. *See Cohodes v. MiMedx Grp., Inc.*, No. 3:22-CV-00368-JD, 2022 WL 15523079, at *2 (N.D. Cal. Oct. 27, 2022) (quoting *Sher*, 911 F.2d at 1362). Nor can Barulich use other "exotic theories of imputing contacts," including "'single enterprise,' 'aiding and abetting,' and 'ratification,'" which "are not valid theories of establishing personal jurisdiction in the Ninth Circuit . . . ." *See Iconlab Inc. v. Valeant Pharms. Int'l, Inc.*, No. 8:16-cv-01321-JLS-KES, 2017 WL 7240856, at *6 (C.D. Cal. Apr. 25, 2017), *aff'd sub nom. Iconlab, Inc. v. Bausch Health Cos., Inc.*, (9th Cir. 2020).

**LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for The Home Depot, Inc. and Home Depot U.S.A., Inc., certifies that this brief contains 4,746 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 24, 2024

KING & SPALDING LLP

*/s/ Julia A. Romano*
Julia E. Romano

Attorney for Defendants
The Home Depot, Inc. and Home Depot U.S.A., Inc.