COOLEY LLP
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
KRISTINE A. FORDERER (278745)
(kforderer@cooley.com)
ANUPAM DHILLON (324746)
(ADhillon@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111
Telephone:  +1 415 693 2000
Facsimile:   +1 415 693 2222

TIANA DEMAS *(pro hac vice forthcoming)*
(tdemas@cooley.com)
110 N. Wacker Drive, Suite 4200
Chicago, IL  60606-1511
Telephone:  +1 312-881-6500
Facsimile:   +1 312-881-6598

URVASHI MALHOTRA (334466)
(umalhotra@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304
Telephone:  +1 650 843 5000
Facsimile:   +1 650 849 7400

Attorneys for Defendant
GOOGLE LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BARULICH, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>THE HOME DEPOT, INC., a Delaware corporation, and GOOGLE LLC, a Delaware limited liability company,<br><br>                    Defendants. | Case No. 2:24-cv-01253-FLA-JC<br><br>**GOOGLE LLC'S NOTICE OF MOTION AND RENEWED MOTION TO TRANSFER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Hearing**<br>Date:     June 21, 2024<br>Time:     1:30 p.m.<br>Judge:    Fernando L. Aenlle-Rocha<br>Place:    Courtroom 6B |

## NOTICE OF MOTION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on June 21, 2024, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Fernando L. Aenlle-Rocha of the Central District of California at the First Street Courthouse, Courtroom 6B, 6th Floor, located at 350 West First Street, Los Angeles, California 90012, Defendant Google LLC ("Google") will and hereby does move the Court to transfer this case to the United States District Court for the Northern District of California, so that it can be concurrently litigated with an earlier-filed case, *Misael Ambriz v. Google LLC* (N.D. Cal. filed Oct. 23, 2023), pending before the Honorable Rita F. Lin.

This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the pleadings, any oral argument, and any other materials properly presented with this Motion. This Motion is made following the conferences of counsel pursuant to Local Rule 7-3, which took place on April 9, 2024 and on May 8, 2024.

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...............................................................................................7

II.     BACKGROUND ................................................................................................8

    A.      The First Action: *Ambriz v. Google* (N.D. Cal.)....................................8

    B.      The Second Action: *Barulich v. Google* (C.D. Cal.) ............................9

III.    LEGAL STANDARD .......................................................................................10

    A.      Transfer Under the First-To-File Rule ..................................................10

    B.      Transfer Under Section 1404(a) ............................................................11

IV.     ARGUMENT ....................................................................................................12

    A.      Transfer is Appropriate Under the First-to-File Rule ...........................12

    B.      Transfer Is Also Appropriate Under Section 1404(a)...........................16

V.      CONCLUSION .................................................................................................18

COOLEY LLP
ATTORNEYS AT LAW

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Alltrade, Inc. v. Uniweld Products, Inc.*,
5
    946 F.2d 622 (9th Cir. 1991) .................................................................. 10

6

*Aqua Connect, Inc. v. SHI International Corp.*,
7
    2019 WL 8883452 (C.D. Cal. Dec. 16, 2019) .................................... 14

8

*Booker v. American Honda Motor Co., Inc.*,
    2020 WL 7263538 (C.D. Cal. Oct. 20, 2020) .................................... 14
9

*Bowman v. IRC-Interstate Realty Corp.*,
10
    2014 WL 12966001 (C.D. Cal. June 20, 2014).................................. 16

11

*Cadenasso v. Metropolitan Life Insurance Co.*,
12
    2014 WL 1510853 (N.D. Cal. Apr. 15, 2014) .................................... 15

13

*Carrera v. First American Home Buyers Protection Co.*,
14
    2012 WL 13012698 (C.D. Cal. Jan. 24, 2012).................................. 12

15

*Christopher Barulich v. The Home Depot, Inc. et al.*,
16
    No. 2:24-cv-01253 (C.D. Cal. Feb. 14, 2024)..............................*passim*

17

*Church of Scientology of California v. U.S. Department of Army*,
18
    611 F.2d 738 (9th Cir. 1979) .................................................................. 10

19

*eNom, Inc. v. Philbrick*,
20
    2008 WL 4933976 (W.D. Wash. Nov. 17, 2008) ............................. 12

21

*Gatlin v. United Parcel Service, Inc.*,
    2018 WL 10161198 (C.D. Cal. Aug. 23, 2018)................................. 13
22

*Gomes v. Wal-Mart Associates, Inc.*,
23
    2023 WL 5506024 (C.D. Cal. Apr. 13, 2023)............................. 16, 17

24

*Granillo v. FCA U.S. LLC*,
25
    2016 WL 8814351 (C.D. Cal. Jan. 11, 2016) .................................... 15

26

*Henry v. Home Depot U.S.A., Inc.*,
27
    2016 WL 4538365 (N.D. Cal. Aug. 31, 2016).................................. 11

28

*Hoyt v. Amazon.com, Inc.*,
  2019 WL 1411222 (N.D. Cal. Mar. 28, 2019) ................................................... 14

*Ickes v. AMC Networks Inc.*,
  2023 WL 4297577 (N.D. Cal. June 30, 2023) ................................................... 11

*Kohn Law Group, Inc. v. Auto Parts Manufacturing Mississippi, Inc.*,
  787 F.3d 1237 (9th Cir. 2015) ............................................................. 10, 13, 15

*Misael Ambriz v. Google LLC*
  No. 3:23-cv-05437 (N.D. Cal. Oct. 23, 2023) ............................................*passim*

*Molander v. Google LLC*,
  473 F. Supp. 3d 1013 (N.D. Cal. 2020) ............................................................. 11

*MSP Recovery Claims, Series LLC v. Mallinckrodt ARD Inc.*,
  2018 WL 2589014 (C.D. Cal. Jan. 17, 2018) ..................................................... 15

*Nova Wines, Inc. v. Adler Fels Winery LLC*,
  2007 WL 708556 (N.D. Cal. Mar. 2, 2007) ....................................................... 14

*Priddy v. Lane Bryant, Inc.*,
  2008 WL 11410109 (C.D. Cal. Nov. 24, 2008) ................................................. 11

*Red v. Unilever U.S., Inc.*,
  2010 WL 11515197 (C.D. Cal. Jan. 25, 2010) ................................................... 13

*Riffel v. Regents of the University of California*,
  2019 WL 5978784 (C.D. Cal. Nov. 12, 2019) ................................................... 11

*Ruff v. Del Monte Corp.*,
  2013 WL 1435230 (N.D. Cal. Apr. 9, 2013) ...................................................... 14

*Variscite, Inc. v. City of Los Angeles*,
  2023 WL 3493557 (C.D. Cal. Apr. 11, 2023) ............................................... 12, 14

*Youngevity International, Inc. v. Renew Life Formulas, Inc.*,
  42 F. Supp. 3d 1377 (S.D. Cal. 2014) ............................................................... 13

*Zepeda v. Ulta Salon, Cosmetics & Fragrance, Inc.*,
  2018 WL 6981842 (C.D. Cal. June 1, 2018) ..................................................... 10

*Zimmer v. Dometic Corp.*,
  2018 WL 1135634 (C.D. Cal. Feb. 22, 2018) ................................................... 12

**Statutes**

28 U.S.C.
§ 1332(d)(2) ................................................................................. 16
§ 1391(b)(2) ................................................................................. 16
§ 1404(a) ................................................................................. *passim*

California Penal Code § 631(a) ................................................................ *passim*

**Other Authorities**

Civil Local Rule
7-3 ................................................................................. 2
11-6.1 ................................................................................. 18
83-1.4 ................................................................................. 12

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.     INTRODUCTION

3

Nearly four months after *Ambriz v. Google*, No. 3:23-cv-05437 (N.D. Cal. Oct.

4   23, 2023) ("*Ambriz*") was filed in the Northern District of California, Plaintiff

5   Christopher Barulich filed this nearly identical action, captioned *Christopher*

6   *Barulich v. The Home Depot, Inc. et al.*, No. 2:24-cv-01253 (C.D. Cal. Feb. 14, 2024)

7   ("*Barulich*"). Here, Barulich alleges that Google violated Cal. Penal Code § 631(a)

8   ("Section 631(a)") of the California Invasion of Privacy Act ("CIPA"), through its

9   provision of certain services to the Home Depot, Inc. ("Home Depot") via Google

10  Cloud's Contact Center Artificial Intelligence ("CCAI") technology. As alleged, the

11  only difference between *Barulich* and *Ambriz* is that *Ambriz* involves Google's

12  provision of CCAI services to Verizon Communications, Inc. ("Verizon"), whereas

13  in *Barulich*, Home Depot is the customer.

14

Under the first-to-file rule, the Court should transfer this action to the Northern

15  District of California, so that this case may be litigated alongside *Ambriz.* Each

16  requirement of the first-to-file rule is satisfied here: (1) chronology, (2) similarity of

17  legal issues, and (3) similarity of parties. First, this case was filed nearly four months

18  after *Ambriz*. Second, the two actions involve the same primary legal claims and

19  defenses: whether Google allegedly eavesdrops on customer service calls via CCAI,

20  whether Google is a third party to these communications, whether the alleged

21  interception occurred "in transit," whether plaintiffs consented to the alleged

22  interception, and whether plaintiffs used a landline, as required to state a violation

23  under Section 631(a)'s first clause. Third, there is substantial overlap between the

24  parties. Google is a named defendant in both cases, the putative classes have the same

25  interests, and there may be overlap between the two class definitions.

26

The Court can also transfer this action under 28 U.S.C. § 1404(a) ("Section

27  1404(a)") because this action could have been filed in the Northern District of

28  California and litigating this action in that District will be more convenient for the

1  parties and conserve federal judicial resources.

2     Principles of economy, consistency, and comity warrant transferring this case

3  to the Northern District of California. For the reasons explained more fully below,

4  the Court should grant Google's Motion.

5  **II.    BACKGROUND**

6     **A.    The First Action: *Ambriz v. Google* (N.D. Cal.)**

7     On October 23, 2023, Plaintiff Misael Ambriz filed a class action lawsuit

8  against Google alleging that CCAI constituted an illegal wiretap under the first and

9  second prongs of Section 631(a). *See* ECF No. 29-1, Declaration of Kristine Forderer

10 ("Forderer Decl."), ¶ 2, Ex. A ("*Ambriz* Compl."). Ambriz alleges that on several

11 occasions he called Verizon's customer contact center which used CCAI. *Ambriz*

12 Compl. ¶¶ 25, 32. Ambriz further claims that Google's "session manager"—a

13 computer— remained on the line when he was transferred to a live human agent, and

14 suggested "'smart replies' and news articles to the Verizon agent [Ambriz] was

15 communicating with." *Id.* ¶ 36. Ambriz claims that he expected this portion of the

16 conversation to "be only between himself and the Verizon human customer service

17 agent," not CCAI. *Id.* ¶ 35. Ambriz alleges that "Google read and learned, in real

18 time, the contents of Plaintiff's conversation with Verizon," all without obtaining

19 consent. *Id.* ¶¶ 37–38.

20    Ambriz brings the action on behalf of any individual in the United States who

21 "had the contents of their conversations with Verizon read and learned by" Google

22 using CCAI, and a subclass of individuals who were in California at the time of the

23 alleged wiretapping. *Ambriz* Compl. ¶¶ 40–41.

24    Ambriz alleges that the following common questions will predominate: (1)

25 whether Google violated Section 631(a); (2) whether Google had "sought or obtained

26 prior consent—express or otherwise" from Ambriz or the putative classes; and (3)

27 whether Ambriz and the putative class are entitled to "actual and/or statutory

28 damages." *Ambriz* Compl. ¶ 45.

Google moved to dismiss *Ambriz* earlier this year arguing, *inter alia*, that CCAI is not a "third-party" for purposes of CIPA liability. Forderer Decl., ¶ 3, Ex. B (Google's Motion to Dismiss *Ambriz*) at 5:10–11. Judge Rita Lin held oral argument on March 19, 2024, and took the matter under submission. *Id.* ¶ 4. As of the date of this filing, Judge Lin has not yet issued a written order. *Id.* Further, as of the date of this filing, the *Ambriz* Court has not yet held a case management conference or set a case schedule, and no discovery has commenced. *Id.* ¶ 5.

### B.    The Second Action: *Barulich v. Google* (C.D. Cal.)

On February 14, 2024, Plaintiff Christopher Barulich filed a class action lawsuit against Google and Home Depot alleging that Google illegally wiretapped Barulich's customer service calls to Home Depot through CCAI, in violation of Section 631(a). ECF No. 1. On April 30, 2024, before any party filed a response, Barulich filed his first amended complaint.  ECF No. 32 ("*Barulich* FAC").

Barulich alleges he "placed multiple calls to Home Depot's customer service" center, which he alleges used CCAI. *Barulich* FAC ¶¶ 26, 33. Like Ambriz, Barulich alleges that he "first spoke with a Home Depot 'virtual agent'" and "was not aware, and had no reason to believe, that his communications were simultaneously being disclosed to a third party: Google." *Id.* ¶¶ 28, 30. When Barulich was allegedly transferred to a live Home Depot agent, he claims that Google remained on the line and "suggest possible replies to the live Home Depot agent on the phone," even though he "had a reasonable expectation that the conversation was only between himself and Home Depot." *Id.* ¶¶ 33, 31. Like Ambriz, Barulich alleges that "Google read, attempted to read, or learned the contents of [Plaintiff Barulich's] communications with Home Depot." *Id.* ¶ 35; *see Ambriz* Compl. ¶ 37.

Barulich brings the instant action on behalf of all California residents "who called Home Depot . . . in which Home Depot permitted Google to access, read, and/or learn the contents of callers' communications via its CCAI service." *Barulich* FAC ¶ 45.

Like Ambriz, Barulich alleges that the following common questions will predominate in this action, including whether: (1) Google violates Section 631(a); (2) Google was a third party to calls or merely provided a tool to Home Depot; (3) Home Depot and/or Google obtained prior or retroactive consent; and (4) Barulich and the putative class are entitled to damages under CIPA. *Barulich* FAC ¶ 48; *see id.* ¶ 56 (asserting Section 631(a) against Google).

On May 14, 2024, this Court extended the deadline for Google and Home Depot to answer or otherwise respond to the *Barulich* FAC until August 28, 2024. ECF No. 38. As of the date of this filing, no party has responded to the *Barulich* Complaint, no discovery has taken place, and the Court continued the case management conference until August 30, 2024. *Id.*

## III. LEGAL STANDARD

### A. Transfer Under the First-To-File Rule

The first-to-file rule permits a district court to dismiss, stay, or transfer a case "if a similar case with substantially similar issues and parties was previously filed in another district court." *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). In applying the rule, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Id.* at 1240.

"The first-to-file rule is intended to 'serve[] the purpose of promoting efficiency well and should not be disregarded lightly.'" *Id.* at 1239 (quoting *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)). "When applying the first-to-file rule, courts should be driven to maximize 'economy, consistency, and comity." *Id.* at 1240 (citation omitted). The rule is "designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments," *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), making it especially appropriate in the context of class actions, *see Zepeda v. Ulta Salon, Cosmetics & Fragrance, Inc.*, 2018 WL 6981842,

at *5 (C.D. Cal. June 1, 2018) (citation omitted) (explaining class actions are "'frequently complex affairs which tax judicial resources,' and are 'the very cases in which the principles of avoiding duplicative proceedings and inconsistent holdings are at their zenith'"); *Henry v. Home Depot U.S.A., Inc.*, 2016 WL 4538365, at *4 (N.D. Cal. Aug. 31, 2016) (citation omitted) ("'[L]itigating a class action requires both the parties and the court to expend substantial resources' and 'the most important purpose of the first-to-file rule is to conserve these resources by limiting duplicative cases.'").

Courts applying the first-to-file rule therefore look to whether the two actions are "substantially similar or involve substantial overlap," rather than requiring identical parties or issues. *Priddy v. Lane Bryant, Inc.*, 2008 WL 11410109, at *7 (C.D. Cal. Nov. 24, 2008); *see also Riffel v. Regents of the Univ. of Cal.*, 2019 WL 5978784, at *5 (C.D. Cal. Nov. 12, 2019) (citation omitted) ("Cases are sufficiently similar where key issues overlap and the resolution of one case could affect the resolution of the other.").

If the first-to-file rule applies, "the court of the later-filed action should defer to the jurisdiction of the court of the first-filed action by either dismissing, staying, or transferring the later-filed suit." *Molander v. Google LLC*, 473 F. Supp. 3d 1013, 1017 (N.D. Cal. 2020) (citation omitted). Here, Google seeks a transfer of this action.

## B.    Transfer Under Section 1404(a)

"The purpose of § 1404(a) is to 'prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Ickes v. AMC Networks Inc.*, 2023 WL 4297577, at *4 (N.D. Cal. June 30, 2023). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer under Section 1404(a) is proper if the action could have been brought in the other district, and if transfer would be convenient for the parties and serve the interest of justice. *Ickes*, 2023 WL

1    4297577, at *4.

2    **IV.   ARGUMENT**

3        **A.    Transfer is Appropriate Under the First-to-File Rule**

4        All three first-to-file factors—timing, similarity of issues, and similarity of

5    parties—are satisfied here. The Court should therefore transfer *Barulich* to the

6    Northern District of California under the first-to-file rule.

7        *Timing of the Two Cases*: "The first—and most fundamental—requirement is

8    that the action in the transferee district court must have been filed prior to the action

9    in the transferor district court." *Zimmer v. Dometic Corp.*, 2018 WL 1135634, at *3

10   (C.D. Cal. Feb. 22, 2018). *Ambriz* was filed on October 23, 2023, and this action was

11   filed on February 14, 2024—roughly four months after *Ambriz*.[1] The timing of the

12   two actions satisfies the first factor under the first-to-file rule. *See Variscite, Inc. v.*

13   *City of L.A.*, 2023 WL 3493557, at *10 (C.D. Cal. Apr. 11, 2023) ("The first factor

14   simply requires that the case in question be filed later in time than the comparator

15   case.").

16       *Identical Legal Issues*: Under the first-to-file rule, "[c]ases are sufficiently

17   similar 'where key issues overlap and the resolution of one case could affect the

18   resolution of the other.'" *Carrera v. First Am. Home Buyers Prot. Co.*, 2012 WL

19   13012698, at *5 (C.D. Cal. Jan. 24, 2012) (citation omitted); *see also eNom, Inc. v.*

20   *Philbrick*, 2008 WL 4933976, at *2 (W.D. Wash. Nov. 17, 2008) (applying the first-

21   to-file rule, even though the later-filed case included an additional claim, because the

22   issues were still "overwhelmingly similar . . . so simultaneous adjudication of both

23   cases would waste judicial resources").

24

25   ---

[1] The FAC in this action largely cuts and pastes from *Ambriz*, often repeating the
26   same allegations with minor tweaks. *E.g.*, *compare Barulich* FAC ¶ 35, *with Ambriz*
     Compl. ¶ 37. *Ambriz* also was reported in the legal press. *See* Lauren Berg, *Google*
27   *AI Accused of Wiretapping Customer Service Calls*, LAW360 (Oct. 25, 2023),
     accessible at: https://www.law360.com/articles/1736903 (last visited May 15, 2024).
28   Plaintiff and his counsel clearly were aware of *Ambriz* but did not notify the Court of
     this related case per Local Rule 83-1.4.

As alleged, the issues raised by the claims against Google in this action are nearly identical to those raised in *Ambriz*. The central question in both cases is whether Google's CCAI technology, as used in customer call centers, violates Section 631(a); answering this question involves the same legal questions around whether Google eavesdrops on customer service calls via CCAI, whether Google is a third party to customer service communications that use CCAI, whether the alleged interception is "in transit," and whether Plaintiff used a landline. *Compare Barulich* FAC ¶ 48, *with Ambriz* Compl. ¶ 45. Other key issues common to both actions are whether plaintiffs and the putative classes consented to the challenged conduct, and whether Google is liable for statutory damages under CIPA. *See id.* That *Barulich* also alleges aiding and abetting and/or conspiracy liability against Home Depot does not change the analysis. Secondary liability necessarily turns on whether Google has violated Section 631(a)—the central issue in both cases. It is enough that "the resolution of the [earlier-filed] case would simultaneously resolve most, if not all, of the issues raised in the instant action." *Gatlin v. United Parcel Serv., Inc.*, 2018 WL 10161198, at *6 (C.D. Cal. Aug. 23, 2018). Transfer is therefore warranted under the second factor because the main legal issues raised in *Ambriz* and *Barulich* are substantially identical.

**Substantially Similar Parties**: The third factor—substantial similarity of the parties—also is satisfied here. Google is a defendant in both actions, and the classes have similar interests. The addition of Home Depot as a defendant in *Barulich* does not affect the analysis. *See, e.g.*, *Red v. Unilever U.S., Inc.*, 2010 WL 11515197, at *5 (C.D. Cal. Jan. 25, 2010) ("the first-to-file rule does not require identical parties," only "substantial overlap"); *Kohn*, 787 F.3d at 1240 (inclusion of additional defendant in one action but not the other does not defeat a finding that there is substantial similarity between the parties). Instead, it is sufficient that Google is a named defendant in both actions. *See Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*, 42 F. Supp. 3d 1377, 1382 (S.D. Cal. 2014) (holding that a common defendant

1   makes both actions "substantially similar").

2       In evaluating the similarity of plaintiffs in putative class actions, "courts look

3   to the proposed classes rather than the named plaintiffs." *Red*, 2010 WL 11515197,

4   at *4. "Exact identity of the proposed classes is not required." *Booker v. Am. Honda*

5   *Motor Co., Inc.*, 2020 WL 7263538, at *2 (C.D. Cal. Oct. 20, 2020). Rather, parties

6   are "'substantially similar' under the first-to-file rule 'if they represent the same

7   interests.'" *Variscite*, 2023 WL 3493557, at *11 (collecting cases) (citation omitted);

8   *see also Aqua Connect, Inc. v. SHI Int'l Corp.*, 2019 WL 8883452, at *3 (C.D. Cal.

9   Dec. 16, 2019) ("Courts have found that if the parties are not identical in the two

10  related actions, they are 'substantially similar' under the first-to-file rule if they

11  represent the same interests.").

12      The class definitions in *Barulich* and *Ambriz* include individuals who placed

13  customer service calls that Google, through CCAI, allegedly wiretapped and/or

14  eavesdropped. Both classes seek to recover statutory damages under Section 631(a).

15  Thus, both putative classes have "the same interests," *see Variscite*, 2023 WL

16  3493557, at *11 (citation omitted), and the Court should find overlap of the parties

17  on this basis alone. *See Hoyt v. Amazon.com, Inc.*, 2019 WL 1411222, at *5 (N.D.

18  Cal. Mar. 28, 2019) (finding substantial similarity of two class actions asserting the

19  same independent-contractor-misclassification theory, despite different class

20  definitions, because the later-filed action "represents the same interests" as the

21  earlier-filed action); *Ruff v. Del Monte Corp.*, 2013 WL 1435230, at *3 (N.D. Cal.

22  Apr. 9, 2013) (finding product liability class actions, each asserting violations of

23  distinct consumer protection statutes, were "substantially similar in scope" for

24  purposes of applying the first-to-file rule); *Nova Wines, Inc. v. Adler Fels Winery*

25  *LLC*, 2007 WL 708556, at *3 (N.D. Cal. Mar. 2, 2007) (staying case under the first-

26  to-file rule where an earlier-filed action involving different parties would have been

27  "highly probative" on the issues in the instant action).

28      The first-to-file rule contemplates overlap between the classes, even if they are

defined differently, where, as here, the two putative classes are not mutually exclusive. *Barulich* includes a putative class of California residents who called Home Depot's allegedly CCAI-enabled call center, and *Ambriz* includes two putative classes—a nationwide class and a California subclass—of persons who called Verizon's allegedly CCAI-enabled call center. *Barulich* FAC ¶ 45; *Ambriz* Compl. ¶¶ 40–41. These classes are not mutually exclusive; some California residents may have called both Verizon's and Home Depot's call centers and would be included in both class definitions.

Furthermore, due to the particularized risk that parallel class actions pose to federal comity, courts have granted motions to transfer under the first-to-file rule even where the two actions involve ***mutually distinct classes with no overlap***. *See MSP Recovery Claims, Series LLC v. Mallinckrodt ARD Inc.*, 2018 WL 2589014, at *3 (C.D. Cal. Jan. 17, 2018) (finding parties "sufficiently similar" and transferring case where the parties represented that plaintiffs in one class action "are excluded from the class definition" of the other); *Granillo v. FCA U.S. LLC*, 2016 WL 8814351, at *3–4 (C.D. Cal. Jan. 11, 2016) (finding parties "sufficiently similar" and transferring case where "the classes in both actions were mutually exclusive"); *Cadenasso v. Metro. Life Ins. Co.*, 2014 WL 1510853, at *10–11 (N.D. Cal. Apr. 15, 2014) (finding parties "sufficiently similar" and transferring case where one putative class consisted of only Missouri residents, and the other consisted of residents of the other 49 states, making both classes "mutually exclusive"). As in these cases, and despite the differences in the class definitions, *Barulich* and *Ambriz* involve the same key legal issues, name Google as a defendant, and represent a class of consumers who claim they were wiretapped and/or eavesdropped upon via Google's CCAI.

Given the close relationship between this action and *Ambriz*, and the risk of inconsistent rulings if the cases remain in two separate courts, the Court should transfer this case to the Northern District of California to "maximize 'economy, consistency, and comity.'" *See Kohn*, 787 F.3d at 1240 (citation omitted).

### B.     Transfer Is Also Appropriate Under Section 1404(a)

Transfer is also appropriate under Section 1404(a). In evaluating whether to transfer an action under Section 1404(a), a court "must first determine whether the transferee court is one in which the action could originally have been brought." *Gomes v. Wal-Mart Assocs., Inc.*, 2023 WL 5506024, at *2 (C.D. Cal. Apr. 13, 2023). "If the answer to this threshold question is yes, the court must then determine whether transfer is appropriate, considering the convenience of the parties, witnesses, and the interest of justice." *Id.*

***This action could have been filed in the Northern District of California***: To satisfy the first Section 1404(a) requirement, the transferee court must have subject matter jurisdiction over the dispute, personal jurisdiction over the parties, and venue must be appropriate. *Bowman v. IRC-Interstate Realty Corp.*, 2014 WL 12966001, at *3 (C.D. Cal. June 20, 2014).

Here, there is no dispute that *Barulich* could have been filed against Google in the Northern District of California, which has subject matter jurisdiction over this dispute pursuant to the Class Action Fairness Act of 2005. 28 U.S.C. § 1332(d)(2); *Barulich* FAC ¶ 11. Given that both Barulich and Google are residents of California, the Northern District of California has personal jurisdiction over both parties.[2] *See Barulich* FAC ¶¶ 7, 13. Finally, venue would be proper in the Northern District under 28 U.S.C. § 1391(b)(2) because Google—which developed and licensed CCAI, the service at the center of Barulich's claims—maintains its principal place of business there.  *See Barulich* FAC ¶ 10. Thus, the first requirement under Section 1404(a) is satisfied.

---

[2] Home Depot contends that there is no personal jurisdiction over Home Depot in *either* the Central District or the Northern District of California. If necessary, Google alternatively requests a stay of this action (under the first-to-file rule) while the Court resolves Home Depot's challenge to personal jurisdiction.  If this Court concludes that there is personal jurisdiction, counsel for Home Depot has represented that it does not object to transfer.

***Considerations of convenience and fairness support transfer***: In evaluating whether the interests of justice warrant transfer under Section 1404(a), courts consider a variety of factors that should not be applied mechanically, including but not limited to: (1) "the location where the relevant agreements were negotiated and executed"; (2) "the differences in the costs of litigation in the two forums"; and (3) "the ease of access to sources of proof." *See Gomes*, 2023 WL 5506024, at *2 (considering these factors "against the backdrop of the statutory requirements 28 U.S.C. 1404(a): Convenience of witnesses, convenience of parties, and the interests of justice"). These factors also support transferring this action to the Northern District of California.

Because Google has its principal place of business in the Northern District, much of the evidence relevant to this case and *Ambriz* will likely originate and/or be coordinated from that District. This includes evidence regarding the development, capabilities, use and maintenance of the underlying technology at issue—CCAI—as well as evidence related to CCAI contracts with Google's customers. In addition to documentary evidence, the largest group of Google employees with relevant knowledge about these cases are based in the Northern District of California, thus making it more convenient for them to participate in proceedings if this action is transferred. *See* ECF No. 29-2, Declaration of Jacky Goodwin ¶ 2.

Further, considerable efficiencies will be gained by the parties and the courts if both cases proceed in the same District before a single judge. As to conserving judicial resources, the Northern District may explore a variety of options to manage the two cases if this case is transferred, which could take the form of consolidated briefing, coordinated discovery, or other mechanisms that can be used to efficiently resolve the cases. At minimum, litigating two fundamentally identical cases in two separate districts will make it more costly for both Google and the federal judiciary. The interests of justice will be served if the Court transfers this action to the Northern

COOLEY LLP
ATTORNEYS AT LAW

District so that it can be litigated alongside *Ambriz*.

## V.    CONCLUSION

For these reasons, the Court should transfer this action to the Northern District of California pursuant to the first-to-file rule or under Section 1404(a).

Dated: May 24, 2024                                COOLEY LLP


By: */s/ Kristine A. Forderer*
     Kristine A. Forderer

Attorney for Defendant
GOOGLE LLC


## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Google LLC, certifies that this brief contains 3,596 words, which complies with the word limit of L.R. 11-6.1.


*/s/ Kristine A. Forderer*
Kristine A. Forderer

303538569