KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
Nicolas C. Soltman (State Bar No. 277418)
11766 Wilshire Blvd. Suite 750
Los Angeles, CA 90025
Phone: (310) 566-9800
Fax: (310) 566-9886
nsoltman@khiks.com

THE SIMON LAW FIRM, P.C.
Anthony G. Simon (pro hac vice)
Jeremiah W. Nixon (pro hac vice)
800Market Street, Suite 1700
St. Louis, Missouri 63101
Telephone: (314) 241-2929
Facsimile: (314) 241-2029
E-Mail: asimon@simonlawpc.com
E-Mail: jnixon@simonlawpc.com

*Attorneys for Plaintiff and the Class*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER BARULICH, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC., HOME DEPOT U.S.A., INC., and GOOGLE, LLC,<br><br>Defendants. | Case No. 2:24-cv-01253-FLA-JC<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Hearing Date: July 5, 2024<br>Hearing Time: 1:30pm<br>Judge: Fernando L. Aenlle-Rocha<br>Place: Courtroom 6B |

## TABLE OF CONTENTS


INTRODUCTION ........ 1

STATEMENT OF FACTS ........ 2

ARGUMENT ........ 3

A. Home Depot satisfies the minimum contacts test for specific personal jurisdiction. ........ 3

*1. Purposeful direction: Home Depot committed intentional acts, expressly aimed its activities toward California consumers, and could reasonably foresee harm in California.* ........ 4

*2. Plaintiff's claims arise out of or relate to Home Depot's contacts with California.* ........ 8

*3. Fair play and substantial justice: Home Depot cannot present a compelling case that the exercise of jurisdiction is unreasonable.* ........ 10

B. Discovery is required to understand Home Depot's corporate structure. ........ 10

C. The First Amended Complaint alleges that Home Depot permitted Google to eavesdrop upon Home Depot customer service calls. ........ 11

CONCLUSION ........ 11

# TABLE OF AUTHORITIES

**Cases**

*Ballard v. Savage*,
65 F.3d 1495 (9th Cir. 1995) ........ 3

*Briskin v. Shopify, Inc.*,
101 F.4th 706 (9th Cir. 2024) ........ 6, 10

*Briskin v. Shopify, Inc.*,
87 F.4th 404 (9th Cir. 2023) ........ 6, 10

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ........ 10

*Calder v. Jones*,
465 U.S. 783 (1984) ........ 4

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
592 U.S. 351 (2021) ........ 8, 9

*Harris Rutsky & Co. Ins. Services v. Bell & Clements Ltd.*,
328 F.3d 1122 (9th Cir. 2003) ........ 1, 12

*Herbal Brands, Inc. v. Photoplaza, Inc.*,
72 F.4th 1085 (9th Cir. 2023) ........ 4, 7

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
485 F.3d 450 (9th Cir. 2007) ........ 5

*Home Depot U.S.A., Inc. v. Twin City Fire Ins. Co.*,
562 F.Supp. 3d 936 (C.D. Cal. 2022) ........ 10

*Home Depot U.S.A., Inc. v. U.S. Fid. & Guar. Co.*,
2009 WL 981321 (N.D. Cal. Apr. 13, 2009) ........ 10

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*,
326 U.S. 310 (1945) ........ 3

*Kauffman v. Home Depot, Inc.*,
2024 WL 221434 (S.D. Cal. Jan. 19, 2024) ........ 6

*Pebble Beach Co. v. Caddy*,
453 F.3d 1151 (9th Cir. 2006) ........ 5

*Rodriguez v. Aquatic Sales Solutions, LLC.*,
2024 WL 2804097 (C.D. Cal. May 29, 2024) ........ 4, 5, 7, 9

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) .......................................................................3, 4, 10, 11

*Swarts v. Home Depot, Inc.*,
689 F. Supp. 3d 732 (N.D. Cal. 2023) ...............................................................3, 7, 8, 10

**Statutes**

Cal. Civ. Proc. Code § 410.10........................................................................................3

Plaintiff Christopher Barulich ("Barulich" or "Plaintiff") submits this opposition to Defendants The Home Depot, Inc. and Home Depot U.S.A., Inc.'s Motion to Dismiss the First Amended Complaint. (Doc. 39).

**INTRODUCTION**

This Court has specific personal jurisdiction over Home Depot[1] because Plaintiff and his family have shopped at Home Depot's brick-and-mortar stores in California, interacted with Home Depot employees in California, and because Plaintiff called Home Depot customer service for reasons related to interactions with Home Depot in California. *See* First Amended Complaint, Doc. 32 ("FAC") ¶¶ 7–8, 12, 21–28, 34. Plaintiff filed this action to hold Home Depot accountable for illegally disclosing consumer calls to Google. FAC ¶ 1–6.

Home Depot is subject to personal jurisdiction in this Court for the alleged California Invasion of Privacy Act ("CIPA") violations. FAC ¶¶ 64–70. As alleged in the First Amended Complaint, Home Depot purposefully directs actions toward California consumers and, in turn, receives calls from California consumers related to its presence in the state. FAC ¶¶ 12, 21–28. Home Depot is a regular litigant in California courts; personal jurisdiction in no way offends notions of fair play and substantial justice. Home Depot does not dispute the facts surrounding personal jurisdiction, but it does include a few sentences attacking the facts of the underlying merits of Plaintiff's CIPA claims. *See* Doc. 39 at 11. It is premature at the motion to dismiss stage to entertain this sort of merits-based factual dispute. The analysis must rest on the jurisdictional facts and allegations contained in Plaintiff's complaint.

[1] Defendants take issue with Plaintiff referring to The Home Depot, Inc. and Home Depot U.S.A., Inc. collectively; however, before discovery, Plaintiff is without knowledge of the internal operations of the overall Home Depot business—Home Depot is in the possession, custody, or control of that information. *See Harris Rutsky & Co. Ins. Services v. Bell & Clements Ltd.,* 328 F.3d 1122, 1135 (9th Cir. 2003) (remanding case for further discovery after the district court granted a motion to dismiss for lack of personal jurisdiction). So, Plaintiff refers to the entities collectively as "Home Depot." The complaint has made a prima facie showing of jurisdiction sufficient to survive a motion to dismiss. Alternatively, if the Court is to entertain dismissal on these grounds, it should first permit jurisdictional discovery.

Home Depot's motion to dismiss fails because, at a minimum, Californians' customer service calls relate to Home Depot's contacts with California. For the reasons stated herein, Home Depot's motion should be denied.

## STATEMENT OF FACTS

Home Depot operates over 230 retail stores in California, targets advertising to California consumers, and sells and ships products to—and within—California. *See* FAC ¶¶ 7–8, 12, 21–28, 34. Home Depot also sells physical products through its interactive website and ships those products to California customers. *Id.* ¶ 21. Home Depot directs advertising to California residents and maintains a substantial presence with employees and stores across the state. *Id.* ¶ 12. Home Depot maintains telephone numbers that California consumers may call for customer service and other inquiries related to its presence in the state. *Id.* ¶¶ 12, 22.

Plaintiff Christopher Barulich lives in Los Angeles, California. *Id.* ¶ 7. Plaintiff and his family often shop at Home Depot's retail stores in the Los Angeles area. *Id.* ¶ 6. Relatedly, he has called Home Depot customer service and spoken with Home Depot employees. *Id.* ¶ 7. In October of 2023, while at home in California, Plaintiff called a local California Home Depot number and a Home Depot national number to discuss a recent incident at a Los Angeles Home Depot store where an employee acted inappropriately toward his wife during a purchase. *Id.* ¶¶ 24, 27. Plaintiff's telephone conversations included concerns and inquiries about Home Depot products and experiences in Home Depot's California stores. ¶ 34. On multiple occasions when calling customer service, Plaintiff first encountered a Home Depot "virtual agent" and then transferred to a human Home Depot customer representative. *Id.* ¶ 28.

Plaintiff was unaware and had no reason to believe that his communications were simultaneously being monitored, recorded, or analyzed by Google through its Cloud Contract Center AI ("CCAI"). *Id.* ¶ 30. Home Depot did not disclose to Plaintiff that it permitted Google to eavesdrop upon his communications with live

customer service representatives. *Id.* ¶¶ 28–32. In the First Amended Complaint, Plaintiff alleges that Home Depot invades the privacy of Plaintiff and all other similarly situated callers in violation of CIPA. *Id.* ¶¶ 36, 37; *See* Cal. Penal Code § 630, *et seq.*

## ARGUMENT

The exercise of jurisdiction over Home Depot in California "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (citation omitted). "California's long-arm jurisdictional statute authorizes jurisdiction to the fullest extent permitted by the Constitution." *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 739 (N.D. Cal. 2023) (citing Cal. Code Civ. P. § 410.10). Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Because California's long-arm statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal law are the same. *Id.* at 801; *see* Cal. Civ. Proc. Code § 410.10. Home Depot's motion to dismiss is based on written materials, not an evidentiary hearing, so Plaintiff only needs to make a prima facie showing of jurisdictional facts that, if true, would support jurisdiction over the defendant. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger*, 374 F.3d at 800. Plaintiff's allegations support personal jurisdiction over Home Depot.

### A. Home Depot satisfies the minimum contacts test for specific personal jurisdiction.

The Ninth Circuit uses a three-part minimum contacts test to determine whether specific jurisdiction exists. *See Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090 (9th Cir. 2023). "(1) The non-resident defendant must purposefully

direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendants forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." *Id.* at 1090 (citing *Schwarzenegger*, 374 F.3d at 802). These three prongs—(1) purposeful direction, (2) arise out of or relate to forum activities, and (3) fair play and substantial justice—are addressed in turn below.

***1. Purposeful direction: Home Depot committed intentional acts, expressly aimed its activities toward California consumers, and could reasonably foresee harm in California.***

For suits sounding in tort, like Plaintiff's CIPA claims, courts apply a "purposeful direction" analysis. *See Herbal Brands, Inc.*, 72 F.4th at 1090. Courts in the Ninth Circuit analyze purposeful direction under the *Calder* "effects test" and ask whether the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, and (3) caused harm that the defendant knows is likely to be suffered in the forum state. *Rodriguez v. Aquatic Sales Solutions, LLC.*, No. 2:23-cv-05198-CAS-EX, 2024 WL 2804097, at *5 (C.D. Cal. May 29, 2024) (citing *Calder v. Jones*, 465 U.S. 783 (1984)).

**Home Depot committed intentional acts**. A defendant acts intentionally when he acts with "an intent to perform an actual, physical act in the real world rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger,* 374 F.3d at 806. Home Depot committed intentional acts when it engaged Google to listen in on, and analyze, customer calls. FAC ¶ 3, 38–44. Home Depot also intentionally acted when it established physical stores in California, advertised to Californians, and created and registered websites. FAC ¶¶ 12, 21–22.

To an even greater degree than the defendant in *Rodriguez*, Home Depot

committed several intentional acts. 2024 WL 2804097, at *5. Like *Rodriguez,* where the defendant offered an online chat feature for consumers to communicate directly with the defendant and allowed a third party to embed its chat technology code into the chat feature offered on the defendant's website, here, Home Depot similarly maintains customer service telephone numbers and engaged Google to eavesdrop and monitor customer calls. FAC ¶¶ 22, 36. At a minimum, creating and maintaining telephone numbers that consumers call for customer service and other inquiries and permitting Google to eavesdrop on and wiretap these calls between California consumers and Home Depot qualifies as an intentional act. *See Swarts*, 689 F. Supp. 3d at 741 (finding that operating a website and chat function is an intentional act).

**Home Depot expressly aimed conduct at California.** Home Depot sold goods to Plaintiff in California stores and interacted with Plaintiff and his family at those stores. FAC ¶¶ 12, 21–25. In October 2023, Plaintiff called Home Depot customer service numbers after a trip to purchase goods at a Home Depot California store. FAC ¶¶ 24–28. Finding jurisdiction based on Home Depot's California activities is a far cry from situations that raise due process concerns about jurisdiction over a defendant for merely maintaining a web presence or phone line. *See, e.g.*, *Holland Am. Line Inc. v. Wartsila N. Am., Inc.,* 485 F.3d 450, 460 (9th Cir. 2007) (finding that a mere web presence is insufficient to establish personal jurisdiction); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) (holding that an internet domain and passive website are insufficient to establish personal jurisdiction).

Home Depot relies heavily on the Ninth Circuit's decision in *Briskin* to support its contention that Home Depot has failed to purposefully direct its activities toward California. (*See* Doc. 39 at 7–10). But the Ninth Circuit vacated that opinion on May 14, 2024. *See Briskin v. Shopify, Inc.*, 101 F.4th 706 (9th Cir. 2024) ("The

three-judge panel opinion is vacated.")[2] Regardless, the differences between the present case and *Briskin* illustrate why jurisdiction is so clear-cut here. In *Briskin,* a California resident used an iPhone web browser to navigate a website that used Defendant's software and code to process customer orders and payments. *Briskin v. Shopify, Inc.*, 87 F.4th 404, 409 (9th Cir. 2023) (vacated by *Briskin v. Shopify, Inc.*, 101 F.4th 706 (9th Cir. 2024)). Shopify collected the plaintiff's personal identification information and shared consumer profiles with merchants and other business partners. *Id.* at 410. The defendant contracted with California merchants to facilitate a particular function on the merchant's website but merely acted as a service provider rather than a merchant. *Id.* at 409. The defendant in *Briskin* did not operate an interactive website for consumers, did not sell physical products, and did not have brick-and-mortar stores in California; rather, the defendant merely operated an online payment processing platform for websites. *Id.* at 421–22. In contrast, Home Depot sells physical products through its interactive website, ships those products to California consumers, and operates more than 230 Home Depot stores in California, which is more than any other state in the country. FAC ¶¶ 8, 21. Further, Home Depot maintains local and national telephone numbers that California consumers call because of Home Depot's presence in the state. FAC ¶¶ 12, 22. Unlike *Briskin,* Home Depot provides consumer-facing website functionality, customer service via phone, and in-store assistance to California consumers themselves. FAC ¶¶ 8, 12, 21–22.

Courts have found that Defendants expressly aimed their conduct toward a forum state when they operate an interactive website plus "something more." *Rodriguez*, 2024 WL 2804097, at *8 (quoting *Herbal Brands Inc.*, 72 F.4th at 1091–92). In *Rodriguez,* the defendant operated an interactive website with a chat

[2] Likewise, another case relied upon by Home Depot, *Kauffman v. Home Depot, Inc.*, No. 23-cv-0259-AGS-AHG, 2024 WL 221434 (S.D. Cal. Jan. 19, 2024), also built its logic around the now-vacated *Briskin* opinion.

feature and also made sales to California. *Id.* Even without a physical presence, the Court found these facts sufficient to support the "express aiming" of conduct toward California. *Id.* The "something more" here includes both the physical presence and activities in California, along with Home Depot's online sales and advertising. It follows that California customer service calls related to Home Depot products and stores are evidence of Home Depot's express aiming. *See Swarts*, 689 F. Supp. 3d at 741-42 (holding that the plaintiff satisfied the "express aiming" element because Home Depot sold and marketed goods to California consumers). Plaintiff Barulich did more than purchase goods on Home Depot's interactive website, he and his family also visited California Home Depot stores in person; either would be sufficient on its own to satisfy the "express aiming" element and establish "that Home Depot purposefully directed its conduct at the forum state." *Swarts*, 689 F. Supp. 3d at 742 .

**Home Depot could reasonably foresee harm in California.** With such a large brick-and-mortar retail, marketing, and online presence in California, Home Depot cannot deny that its conduct affects Californians. FAC ¶¶ 8-9, 12, 21–22. Home Depot knows customers will likely call its customer service phone lines—that is why customer service lines exist. *See id.* Considering Plaintiff's allegations, that is enough to satisfy this element of the effects test. Knowing that harm is likely in a jurisdiction "may be established even if the bulk of the harm occurs outside the forum." *Rodriguez*, 2024 WL 2804097, at *8 (internal quotation omitted). In *Rodriguez*, the Court found this element satisfied where the defendant was aware it was recording its online chat conversations with customers. *Id.* at *9. Likewise, Home Depot knew it permitted Google to eavesdrop on, or wiretap, and analyze calls between consumers and Home Depot. FAC ¶ 36. Therefore, Home Depot was aware that it allowed Google to eavesdrop on "conversations with customers, which could foreseeably cause harm in California." *Swarts*, 689 F. Supp. 3d at 741.

With these three elements met, Home Depot is deemed to have purposefully

directed its conduct toward California.

***2. Plaintiff's claims arise out of or relate to Home Depot's contacts with California.***

There is no requirement for "a strict causal relationship between the defendant's in-state activity and the litigation." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021). Instead, a lawsuit merely needs to "arise out of *or relate to* the defendant's contacts with the forum." *Swarts*, 689 F. Supp. 3d at 743 (emphasis in original) (citing *Ford Motor Co.,* 592 U.S. at 362). When a company exercises the privilege of conducting business within a state—thus enjoying the benefits and protection of its laws—the company may also be hauled into court in that jurisdiction. *Ford Motor Co.*, 592 U.S. at 360.

Courts have found specific jurisdiction over defendants who systematically serve a market in the forum state and enjoy the benefits and protections of their laws. In *Ford,* the connection between the plaintiff's claims and the defendant's activities was close enough to support specific jurisdiction. *Id.* at 371. The Court reasoned that even though the plaintiffs did not establish causal links between their claims and Ford's in-state contacts, Ford's contacts with their home states were enough—even when a consumer buys his car from out of the state. *Id.* at 367. The Court went on to clarify that the "arise out of or relate to" standard has two parts: (1) "arise out of" contemplates a causal relationship, and (2) "relate to" encompasses relationships without a causal relationship. *Id.* at 362. Either is sufficient for specific personal jurisdiction. *Id.*

Home Depot's contacts with California are extensive. It has over 230 stores in California, directs advertising to California, maintains an interactive website that sells and ships goods to Californians, and operates customer service call center lines available to California residents. *See* FAC ¶¶ 8-9, 12, 21–22. Home Depot also contracts with a California company, Google, and allows that company to listen to and analyze customer calls. *Id.* ¶¶ 33, 38–40. Plaintiff's calls relate to Home Depot's

contacts with California. For the calls referenced in the Complaint, Plaintiff called Home Depot to complain about a visit to buy goods in a Los Angeles Home Depot store and a Home Depot employee's inappropriate actions in that store. *Id.* ¶¶ 24–28. Plaintiff's suit only needs to satisfy one of two options, but this lawsuit both "arises out of" and "relates to" Home Depot's contacts with the forum. The privacy violation at issue arose out of Plaintiff's calls to Home Depot about one of its physical stores in California, and Plaintiff's calls relate to Home Depot's contacts with the state. FAC ¶¶ 12, 21–28. With such an expansive presence, Home Depot must expect to receive regular calls from Californians related to its retail locations, advertising in California, and sales and shipment of goods to California addresses.

The actions and contacts in this case are more than enough to establish personal jurisdiction over Home Depot. *See, e.g.*, *Rodriguez,* 2024 WL 2804097, at *4-5 (finding that the defendant's chat feature—and plaintiffs alleged CIPA violations—related to the defendant's sale and shipment of physical goods to California consumers). Again, customer service phone lines are maintained to facilitate consumer transactions. Like *Ford,* where the Court reasoned that states have a significant interest in providing their residents with a convenient forum for redressing injuries inflicted by out-of-state actors, this Court should provide Barulich—a citizen of the State of California, who goes to local Home Depot stores, called local and national customer service numbers from California, and suffered his injury in the state of California—with a local forum for redressing his injuries. *Ford Motor Co.*, 592 U.S. at 368.

The Court should follow the reasoning in *Swarts* and reject Home Depot's attempts to impose a causality requirement that does not exist. *See generally Swarts*, 689 F. Supp. 3d 732. Additionally, and unlike the now-vacated *Briskin* opinion, where Shopify was merely a third party that contracted with California merchants, Home Depot is a California retailer that offered assistance to California consumers regarding products and experiences at local Home Depot stores and goods offered

for purchase and shipping to California. FAC ¶¶ 21, 22; *Briskin,* 87 F.4th at 410 (vacated). Home Depot's efforts to drive sales to California, through customer service lines, an interactive website, and product delivery to California consumers, are sufficiently related to claims arising from these efforts.

Plaintiff's CIPA claims arise out of or are related to Home Depot's extensive contacts with California.

***3. Fair play and substantial justice: Home Depot cannot present a compelling case that the exercise of jurisdiction is unreasonable.***

If disputed, the burden is on Home Depot to "'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)). But Home Depot cannot argue that being forced to litigate in California would offend fair play and substantial justice. In fact, it is a common litigant in California courts. *See, e.g.*, *Swarts v. Home Depot, Inc.*, 689 F.Supp.3d 732 (N.D. Cal. 2023); *Home Depot U.S.A., Inc. v. Twin City Fire Ins. Co.*, 562 F.Supp. 3d 936 (C.D. Cal. 2022); *Home Depot U.S.A., Inc. v. U.S. Fid. & Guar. Co.,* No. 08-2713 SC, 2009 WL 981321 (N.D. Cal. Apr. 13, 2009). This third prong is met; thus, the Court has personal jurisdiction over Home Depot.

**B. Discovery is required to understand Home Depot's corporate structure.**

Plaintiff shops at Los Angeles area stores with signs that read "Home Depot," he can view and purchase goods on HomeDepot.com, and when he wanted to complain to customer service about an incident at a local store, he searched online for Home Depot's phone number. *See* FAC ¶¶ 12, 21–25. This is not a situation where Plaintiff attempts to treat completely separate entities as one. Before discovery, Plaintiff is unable to know Home Depot's internal corporate structure. That information is in Home Depot's possession, custody, or control. Defendants'

own affidavit refers to The Home Depot, Inc. and Home Depot U.S.A., Inc. collectively as "Home Depot." *See* Doc. 39-1 ¶ 3. Alternatively, if the Court considers dismissing one of the two entities at this early stage, Plaintiff asks that the Court permit discovery to determine the precise corporate structure and involvement of each Home Depot entity.

### C. The First Amended Complaint alleges that Home Depot permitted Google to eavesdrop upon Home Depot customer service calls.

A motion to dismiss is not the arena for factual disputes about the merits. *See Schwarzenegger*, 374 F.3d at 800. Plaintiff alleges, that while located at home in California, he dialed both a local California number and Home Depot's national customer service number. FAC ¶ 25. Plaintiff spoke with a Home Depot "virtual agent" and then was transferred to a human Home Depot customer representative, where he was not aware, and had no reason to believe, that his communications were simultaneously being disclosed to a third party. *Id.* ¶¶ 28, 30. Plaintiff further alleges that Home Depot contracted with Google and enabled it, through Google's Cloud Contact Center AI, to surreptitiously listen in and monitor Plaintiff's communications with Home Depot. *Id.* ¶ 33. Through this process, Google read, attempted to read, or learned the contents of Plaintiff's communications with Home Depot. *Id.* ¶ 32. Home Depot permitted Google to eavesdrop on, or wiretap, calls between California consumers and Home Depot. *Id.* ¶ 36. When considering a motion to dismiss under Rule 12(b)(2), a court must accept the well-pled facts of the plaintiff's complaint as true. *See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). Thus, the Court should reject Home Depot's attempt to inject a factual dispute about the underlying merits of the case at this time.

## CONCLUSION

For the foregoing reasons, this Court should deny Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

Dated: June 14, 2024

THE SIMON LAW FIRM, P.C.

By: /s/ *Jeremiah W. Nixon*
Jeremiah W. Nixon

*Attorneys for Plaintiff and the Class*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 3,688 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 14, 2024

/s/ *Jeremiah W. Nixon*
Jeremiah W. Nixon