Julia E. Romano (SBN 260857)
jromano@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

S. Stewart Haskins (*pro hac vice*)
shaskins@kslaw.com
Billie B. Pritchard (*pro hac vice*)
bpritchard@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, N.E., Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

*Attorneys for Defendants*
*The Home Depot, Inc. and*
*Home Depot U.S.A., Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CHRISTOPHER BARULICH, individually and on behalf of others similarly situated,

Plaintiff,

vs.

THE HOME DEPOT, INC., a Delaware corporation, HOME DEPOT U.S.A., INC., a Delaware corporation, and GOOGLE LLC, a Delaware limited liability company,

Defendants.

No. 2:24-cv-01253-FLA-JC

**THE HOME DEPOT, INC. AND HOME DEPOT U.S.A., INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

**(Fed. R. Civ. P. 12(b)(2))**

| | |
|---|---|
| Hearing Date: | July 5, 2024 |
| Hearing Time: | 1:30 p.m. |
| Judge: | Hon. Fernando L. Aenlle-Rocha |
| Courtroom: | 6B |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. BARULICH'S UNSUPPORTED ALLEGATIONS CANNOT ESTABLISH PERSONAL JURISDICTION IN THE FACE OF HOME DEPOT'S UNCONSTESTED DECLARATION. .......... 2

B. BARULICH'S ALLEGATIONS ARE OTHERWISE DEFICIENT, AND HE IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY. .......... 8

III. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**


*Alexander v. Circus Circus Enterps., Inc.*,
972 F.2d 261 (9th Cir. 1992) ....................3

*Backgrid USA, Inc. v. Audacy, Inc.*,
No. LA CV21-08874, 2023 WL 5519352, at *5 (C.D. Cal. Aug. 25, 2023) ....................9

*Barantsevich v. VTB Bank*,
954 F.Supp.2d 972 (C.D. Cal. 2013) ....................9

*BMO Harris Bank N.A. v. Royal Rd. Line Inc.*,
No. 1:23-CV-01714-EPG, 2024 WL 2292607 (E.D. Cal. May 21, 2024) ....................4

*Boschetto v. Hansing*,
539 F.3d 1011 (9th Cir. 2008) ....................2, 9

*Briskin v. Shopify, Inc.*,
87 F.4th 404 (9th Cir. 2023), *reh'g en banc granted, opinion vacated*, 101 F.4th 706 (9th Cir. 2024) ....................4, 6

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*,
582 U.S. 255 (2017) ....................6

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ....................7

*Calder v. Jones*,
465 U.S. 783 (1984) ....................4, 5

*Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*,
557 F.2d 1280 (9th Cir. 1977) ....................1, 3

*Deckers Outdoor Corp. v. Pub. Desire Ltd.*,
No. CV 20-7573-FMO, 2023 WL 2558788 (C.D. Cal. Jan. 17, 2023) ....................5

*Doe v. Unocal Corp.*,
27 F. Supp. 2d 1174 (C.D. Cal. 1998) ....................3

*Dow Chem. Co. v. Calderon*,
422 F.3d 827 (9th Cir. 2005) ....................7

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,
328 F.3d 1122 (9th Cir. 2003) .......... 9

*LNS Enterps. LLC v. Continental Motors, Inc.*,
22 F.4th 852 (9th Cir. 2022) .......... 1, 3, 10

*Massie v. Gen. Motors Co.*,
No. 1:20-CV-01560-JLT, 2021 WL 2142728 (E.D. Cal. May 26, 2021) .......... 7

*Mazal Grp. LLC v. Yousef*,
No. 2:23-cv-03278-FWS-AGR, 2023 WL 8896263 (C.D. Cal. Nov. 8, 2023) .......... 8

*Moledina v. Marriott Int'l, Inc.*,
635 F. Supp. 3d 941 (C.D. Cal. 2022) .......... 7

*Parnell Pharm., Inc. v. Parnell, Inc.*,
No. 5:14-cv-03158-EJD, 2015 WL 5728396 (N.D. Cal. Sept. 30, 2015) .......... 8

*Rodriguez v. Aquatic Sales Sols. LLC*,
No. 2:23-CV-05198-CAS-EX, 2024 WL 2804097 (C.D. Cal. May 29, 2024) .......... 7

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) .......... 3

*Sher v. Johnson*,
911 F.2d 1357 (9th Cir. 1990) .......... 8

*Skurkis v. Montelongo*,
No. 16-cv-0972 YGR, 2016 WL 4719271 (N.D. Cal. Sept. 9, 2016) .......... 8

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
802 F. Supp. 2d 1125 (C.D. Cal. 2011) .......... 1

*Swarts v. Home Depot, Inc.*,
689 F. Supp. 3d 732 (N.D. Cal. 2023) .......... 6, 7

*Taylor v. Portland Paramount Corp.*,
383 F.2d 634 (9th Cir. 1967) .......... 3, 4

*Terracom v. Valley Nat'l Bank*,
49 F.3d 555 (9th Cir. 1995) .......... 10

*Walden v. Fiore*,
571 U.S. 277 (2014) .......... 6

*X Corp. v. Ctr. for Countering Digital Hate Ltd.*,
No. 23-CV- 03836-CRB, 2024 WL 1245993 (N.D. Cal. Mar. 25, 2024)............2, 3

*Yamashita v. LG Chem, Ltd.*,
62 F.4th 496 (9th Cir. 2023) ............................................................6, 10

*Yeager v. Airbus Grp. SE*,
No. 8:19-CV-01793-JLS-ADS, 2021 WL 750836 (C.D. Cal. Jan. 26, 2021)...........7

*Zarif v. Hwareh.com, Inc.*,
No. 23-cv-0565-BAS-DEB, 2024 WL 1268167 (S.D. Cal. Mar. 25, 2024).............6

*Zeiger v. WellPet LLC*,
304 F. Supp. 3d 837 (N.D. Cal. 2018)........................................................8

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(2)........................................................4

Local Rule 7-12............................................................................................1

# I. INTRODUCTION

Plaintiff Christopher Barulich has not—and cannot—satisfy his burden to establish that this Court may exercise specific personal jurisdiction over either The Home Depot, Inc. or Home Depot, U.S.A., Inc. (together, "Home Depot").[1]

By his own drafting, to establish specific personal jurisdiction over Home Depot, Barulich must plead (and ultimately prove) that Home Depot allowed Google LLC ("Google") to unlawfully intercept Barulich's California-based telephone calls using Google "Agent Assist" technology. Accordingly, Home Depot has submitted a declaration which explains that *neither* The Home Depot, Inc. nor Home Depot U.S.A., Inc. has ever used Agent Assist technology on any California or national Home Depot telephone line, let alone used that technology (or any other) to transcribe Barulich's alleged calls. *See* Declaration of Craig Sultan ("Sultan Decl."), Dkt. 39-1, ¶¶ 5, 8. Barulich has not challenged the admissibility of that declaration or offered any declaration of his own that contradicts the facts stated therein. *See generally* Opposition to Motion to Dismiss ("Opp."), Dkt. 45. As discussed below, it is well-settled in the Ninth Circuit that unsupported allegations in a complaint cannot establish personal jurisdiction in the face of a defendant's unopposed declaration. *See, e.g.*, *LNS Enterps. LLC v. Continental Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) (explaining that a court "cannot . . . 'assume the truth of allegations in a pleading which are contradicted by affidavit'" when assessing personal jurisdiction (quoting *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977)). In light of this unopposed declaration, this Court should find it is "relatively easy" to dismiss both Home Depot entities for lack of specific personal jurisdiction. *See Data Disc*, 557 F.2d at 1285 (explaining that the personal jurisdiction analysis would be "relatively easy" "[i]f only one side of the conflict

[1] Barulich did not respond to Home Depot's argument that the Court lacks general jurisdiction over these entities, and Barulich has thereby waived any argument to the contrary. *See* Local Rule 7-12; *e.g.*, *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011).

was supported by affidavit”).

Furthermore, Barulich’s jurisdictional allegations are otherwise deficient on their face. Barulich cannot establish personal jurisdiction over The Home Depot, Inc. and Home Depot, U.S.A., Inc. by conflating these two separate entities in his First Amended Complaint (“FAC”). In addition, this Court should reject Barulich’s request to conduct “discovery to determine the precise corporate structure and involvement of each Home Depot entity,” *see* Opp. at 11,[2] based on nothing more than Barulich’s “hunch” that each individual entity could have a connection to his baseless claims and/or have made some California contact that could provide a jurisdictional hook. *See, e.g.*, *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (“The denial of [Plaintiff’s] request for discovery, which was based on little more than a hunch that it might yield jurisdictionally relevant facts, was not an abuse of discretion.”).

For these reasons and those stated in Home Depot’s Motion to Dismiss (“Mtn.”), Dkt. 39, this Court should dismiss Barulich’s claims against The Home Depot, Inc. and Home Depot U.S.A., Inc. for lack of personal jurisdiction.

## II. <u>ARGUMENT</u>

### A. BARULICH’S UNSUPPORTED ALLEGATIONS CANNOT ESTABLISH PERSONAL JURISDICTION IN THE FACE OF HOME DEPOT’S UNCONSTESTED DECLARATION.

Barulich’s Opposition is based on a fatally flawed premise—that the Court’s “analysis must rest on the jurisdictional facts and allegations contained in Plaintiff’s complaint”—and nothing else. *See* Opp. at 1. That is a misstatement of the law. “In assessing whether personal jurisdiction exists, the court is not limited to a plaintiff’s complaint and may consider evidence presented in affidavits . . . . Although all uncontroverted allegations are taken as true, *a court may not ‘assume the truth of allegations in a pleading which are contradicted by affidavit.*’” *X Corp. v. Ctr. for*

[2] Page citations referenced herein indicate the number at the bottom center of each page the document, as opposed to the PDF page at the top.

*Countering Digital Hate Ltd.*, No. 23-CV- 03836-CRB, 2024 WL 1245993, at *4 (N.D. Cal. Mar. 25, 2024) (quoting *Data Disc, Inc.*, 557 F.2d at 1284–85 (emphasis added)); *see also Doe v. Unocal Corp*., 27 F. Supp. 2d 1174, 1179 (C.D. Cal. 1998) (considering declarations in granting motion to dismiss for lack of personal jurisdiction).

In other words, a plaintiff cannot stand on his jurisdictional allegations in the face of a defendant's contrary affidavit (or declaration).[3] *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967) ("We do not think that the mere allegations of the complaint, when contradicted by affidavits, are enough to confer personal jurisdiction of a nonresident defendant. In such a case, facts, not mere allegations, must be the touchstone."). Rather, a plaintiff must address any controverted allegations in his own affidavit, and any "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Thus, a plaintiff's facts are credited if (1) uncontested or (2) the parties submit competing sworn statements on those facts. If, however, "only one side of the conflict [is] supported by affidavit," a court's "task [is] relatively easy"—because the uncontested declaration controls. *Data Disc, Inc.*, 557 F.2d at 1284; *see also LNS Enterps. LLC*, 22 F.4th at 858 ("If Plaintiffs had filed affidavits or declarations in response, the district court and this court would have been obligated to resolve conflicting statements in Plaintiffs' favor. But Plaintiffs filed no affidavits or declarations in response. The relevant uncontroverted record, therefore, includes Defendants' rebuttals to Plaintiffs' allegations.") (citation omitted)); *e.g.*, *Alexander v. Circus Circus Enterps., Inc.*, 972 F.2d 261, 262 (9th Cir. 1992) (affirming dismissal where allegations were contradicted by affidavit).

Here, Barulich's Opposition practically ignores Home Depot's declaration, going so far as to say that it is "premature" for the Court to "entertain this sort of merits-based

[3] "Declarations and affidavits are functional equivalents in this context." *X Corp.*, 2024 WL 1245993, at *4 n.4 (citing *LNS Enterps. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022)).

factual dispute" about Home Depot's use of Google Cloud Contact Center AI ("CCAI") in the context of a Rule 12(b)(2) motion. *See* Opp. at 1. That statement is flawed for multiple reasons. First, there is no "dispute" for this Court to resolve because Barulich has not challenged Home Depot's declaration, and therefore the facts contained therein "must be the touchstone" for this Court's personal jurisdiction analysis—not Plaintiff's unsubstantiated allegations. *See Taylor*, 383 F.2d at 639 ("We do not think that the mere allegations of the complaint, when contradicted by affidavits, are enough to confer personal jurisdiction of a nonresident defendant."). Second, Barulich cannot avoid the legal implications of those facts. Indeed, it is necessary for the Court to consider Home Depot's use of CCAI technology because *Barulich* has attempted to establish personal jurisdiction over both Home Depot entities based on that technology.

At bottom, Barulich's jurisdictional allegations (and claims) are based on a single core allegation: that "creating and maintaining telephone numbers that consumers call for customer service and other inquiries and permitting Google to eavesdrop on and wiretap these calls between California consumers and Home Depot" creates the requisite minimum contact necessary for specific jurisdiction. *See* Opp. at 4–5. Barulich relies heavily upon this alleged fact in his argument under the three-part effects test articulated in *Calder v. Jones*, 465 U.S. 783 (1984). As a reminder, "[u]nder this test, the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Briskin v. Shopify, Inc.*, 87 F.4th 404, 412 (9th Cir. 2023) (quotation omitted), *reh'g en banc granted, opinion vacated*, 101 F.4th 706 (9th Cir. 2024).[4] And here,

[4] Barulich makes much of the fact that the Ninth Circuit vacated the *Briskin* three-judge panel opinion in granting rehearing en banc. *See* Opp. at 5–6. While that opinion may have been vacated, the underlying principles stated therein are legally sound and draw directly from binding Supreme Court and Ninth Circuit precedent. Vacatur has no impact on this Court's application of those principles to the facts of this case. Indeed, other courts have continued to cite *Briskin* affirmatively post-vacatur. *See, e.g.*, *BMO Harris Bank N.A. v. Royal Rd. Line Inc.*, No. 1:23-CV-01714-EPG, 2024 WL 2292607, at *4 (E.D. Cal. May 21, 2024).

Barulich cites Home Depot's alleged use of the Google technology in question as an "intentional act," "expressly aimed at the forum," that would "foreseeably cause harm in California." *See, e.g.*, Opp. at 4 ("Home Depot committed intentional acts when it engaged Google to listen in on, and analyze, customer calls."); *id.* at 7 ("Home Depot was aware that it allowed Google to eavesdrop on conversations with customers, which could foreseeably cause harm in California." (quotation omitted)); *id.* at 8 ("Home Depot also contracts with a California company, Google, and allows that company to listen to and analyze customer calls."). Indeed, Home Depot's use of Google CCAI is the *only* intentional act that Barulich alleges to have caused any "foreseeable harm." *See id.* at 7.

Home Depot disputes Barulich's legal conclusion in applying *Calder*, but setting that aside, Barulich's conclusion has no *factual* underpinnings. Barulich does not dispute that the Google CCAI technology described in the FAC is Google "Agent Assist," which is one of several individual technologies offered through Google's CCAI platform. Sultan Decl. ¶ 5. Neither The Home Depot, Inc. nor Home Depot U.S.A., Inc. has *ever* used Agent Assist on any national telephone lines or local telephone lines in California. *Id.* ¶ 6. Thus, neither Home Depot entity has any record of any communication (or any utterance) by Barulich that was transcribed by Google's Agent Assist—or any other technology. *Id.* ¶ 8. In sum, use of this technology was not an "intentional act" that was "expressly aimed" at California, nor could Home Depot have foreseen any "harm" in California because Home Depot *never used* this technology. Those facts alone defeat Barulich's attempt to establish specific personal jurisdiction. *See, e.g.*, *Deckers Outdoor Corp. v. Pub. Desire Ltd.*, No. CV 20-7573-FMO (JEMx), 2023 WL 2558788, at *5 (C.D. Cal. Jan. 17, 2023) ("Because plaintiff has not presented sufficient evidence that defendant expressly aimed tortious conduct at the forum, the court need not continue the inquiry.").

Barulich cannot cure this fatal flaw by citing to other, general features of Home Depot's business in California, including (but not limited to) the fact that "[i]t has over 230 stores in California, directs advertising to California, maintains an interactive website

that sells and ships goods to Californians, . . . operates customer service call center lines available to California," and contracts with Google. Opp. at 8; *see* Mtn. at 9–11, 12 n.1. To begin, any Home Depot advertisements, website, and sale of products are completely irrelevant; they have nothing to do with Barulich's claims. *Briskin*, 87 F.4th at 414 (concluding that non-resident defendant's in-state contacts, which included a physical location, had "nothing to do" with the plaintiff's privacy claims); *see also Zarif v. Hwareh.com, Inc.*, No. 23-cv-0565-BAS-DEB, 2024 WL 1268167, at *4 (S.D. Cal. Mar. 25, 2024) (concluding that the court lacked personal jurisdiction where plaintiff failed to distinguish defendant's operations in California "from how Defendant operates in every other state or identify how Defendant specifically focused on the California . . . market"). Likewise, Home Depot's alleged contract with Google does not move the needle. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 268 (2017) (rejecting argument that the defendant's "decision to contract with a California company" provided a sufficient basis for personal jurisdiction in California).

Nor does it make any difference that Barulich claims the "privacy violation at issue arose out of Plaintiff's calls to Home Depot about one of its physical stores in California, and Plaintiff's calls relate to Home Depot's contacts with the state." *See* Opp. at 9. Again, Barulich's claims are not based on mere calls, but rather a purported violation of his privacy rights during those calls based upon Home Depot's alleged use of CCAI technology, which did not occur. Thus, Barulich's assertion *assumes* a "privacy violation" where none exists to support personal jurisdiction. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) (finding specific personal jurisdiction where plaintiffs allegedly "suffered in-state *injury* because of defective products that Ford extensively promoted, sold, and serviced in" the forum states (emphasis added)); *see also Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 505–06 (9th Cir. 2023) (postulating that the "related to" test may be met, provided there is "a close connection between [forum-based] contacts and *injury*" (emphasis added)). And absent that alleged injury, Barulich's unilateral decision to call a Home Depot customer service line, does not establish that *Home Depot* expressly

aimed any relevant conduct at the forum. *See* Mtn. at 10–11; *see also Moledina v. Marriott Int'l, Inc.*, 635 F. Supp. 3d 941, 950 (C.D. Cal. 2022) ("Plaintiff's unilateral decision to reach out of California to contact Defendant located elsewhere and Defendant's recording of that communication, without more, cannot satisfy the express aiming requirement."); *see also Massie v. Gen. Motors Co.*, No. 1:20-CV-01560-JLT, 2021 WL 2142728, at *4 (E.D. Cal. May 26, 2021); *Yeager v. Airbus Grp. SE*, No. 8:19-CV-01793-JLS-ADS, 2021 WL 750836, at *6 (C.D. Cal. Jan. 26, 2021) (noting that "express aiming" requires that defendant "targets California consumers above and beyond consumers in any other geographic locations").

Barulich's cited authority is equally unhelpful to his cause. Among other reasons, the courts in those cases did not address circumstances where (as here) the defendant indisputably did not use the technology in question that allegedly supported specific personal jurisdiction (and formed the basis for the claims). *See Rodriguez v. Aquatic Sales Sols. LLC*, No. 2:23-CV-05198-CAS-EX, 2024 WL 2804097, at *5 (C.D. Cal. May 29, 2024) (considering the chat feature on defendant's website in conjunction with its sale of goods to California when analyzing specific personal jurisdiction); *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 741–42 (N.D. Cal. 2023) (similar). Likewise, Home Depot's decision to litigate other cases based on other claims in California courts is irrelevant. *See* Opp. at 10 (citing *Home Depot U.S.A., Inc. v. Twin City Fire Ins. Co.*, 562 F. Supp. 3d 936 (C.D. Cal. 2022) (complaint against manufacturer's excess liability insurer); *Home Depot U.S.A., Inc. v. U.S. Fid. & Guar. Co.*, No. 08-2713 SC, 2009 WL 981321 (N.D. Cal. Apr. 13, 2009) (insurance dispute)). As this Court knows, personal jurisdiction "is a waivable right," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985), and Home Depot "did not consent to jurisdiction in *this action* by waiving [its] personal jurisdiction objection" in those. *Dow Chem. Co. v. Calderon*, 422 F.3d 827, 836 (9th Cir. 2005) (emphasis added).

Ultimately, the undisputed facts set forth in Home Depot's declaration squarely refute Barulich's key jurisdictional allegations, and this Court should not (and cannot)

disregard those facts in favor of Barulich's unsupported allegations. Rather, this Court should accept the declaration and dismiss Barulich's claims against both The Home Depot, Inc. and Home Depot, U.S.A., Inc. for lack of specific personal jurisdiction.[5]

**B. BARULICH'S ALLEGATIONS ARE OTHERWISE DEFICIENT, AND HE IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY.**

Barulich's FAC is also deficient because he makes no effort to attribute any specific California contact(s) to either The Home Depot, Inc. or Home Depot U.S.A., Inc. individually. As this Court has explained, "generalized allegations about a group of defendants, without specific facts as to each individual defendant's activities, cannot give rise to personal jurisdiction." *Mazal Grp. LLC v. Yousef*, No. 2:23-cv-03278-FWS-AGR, 2023 WL 8896263, at *5 (C.D. Cal. Nov. 8, 2023). Instead, "[p]laintiffs must make a prima facie showing of jurisdictional facts giving rise to specific jurisdiction over each defendant separately." *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 848–49 (N.D. Cal. 2018); *see also Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990) ("Regardless of their joint liability, jurisdiction over each defendant must be established individually."); *Skurkis v. Montelongo*, No. 16-cv-0972 YGR, 2016 WL 4719271, at *4 (N.D. Cal. Sept. 9, 2016) ("[The personal jurisdiction] inquiry requires an analysis of each defendant's contacts in light of plaintiffs' claims. Here, the jurisdictional allegations of the FAC group all defendants together.") (internal citation omitted)); *Parnell Pharm., Inc. v. Parnell, Inc.*, No. 5:14-cv-03158-EJD, 2015 WL 5728396, at *4 (N.D. Cal. Sept. 30, 2015) ("[P]ersonal jurisdiction must be established as to each individual Defendant.").

The Court should not excuse the FAC's collective pleading and allow jurisdictional discovery based on noting more than Barulich's self-professed ignorance of "Home Depot's internal corporate structure." *See* Opp. at 1 n.1, 10–11; *see also* FAC ¶ 9. Barulich has offered no factual basis for this Court to conclude that discovery would

---

[5] Both entities should be dismissed for the reasons set forth above. In addition, The Home Depot, Inc. should be dismissed because it is undisputed that it is not a retailer and made no contact with Barulich at all. Sultan Decl. ¶ 9.

yield any relevant facts, and a mere "hunch" or desire for additional information does not open the door to a discovery fishing expedition. *See, e.g.*, *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) ("The denial of [Plaintiff's] request for discovery, which was based on little more than a hunch that it might yield jurisdictionally relevant facts, was not an abuse of discretion."); *Barantsevich v. VTB Bank*, 954 F.Supp.2d 972, 997 (C.D. Cal. 2013) (because plaintiff "offered nothing but bare allegations" regarding agency and alter ego, court concluded that "further discovery concerning the corporate structure of [defendant] would amount to nothing more than a 'fishing expedition'").

Further, "[i]t is well-established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003); *Backgrid USA, Inc. v. Audacy, Inc.*, No. LA CV21-08874 JAK (KSx), 2023 WL 5519352, at *5 (C.D. Cal. Aug. 25, 2023) (citing *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985)). As Barulich's own authority explains, a plaintiff who hopes to attribute the forum-based contacts of the subsidiary to the parent (or vice versa) for jurisdictional purposes "must make out a prima facie case" that "the subsidiary is the parent's alter ego" or "the subsidiary acts as the general agent of the parent." *See Harris Rutsky & Co. Ins. Servs., Inc.*, 382 F.3d at 1134–35 (cited in Opp. at 1 n.1). Yet Barulich has made no effort to allege *which* entity has the alleged contacts with California, let alone make a prima facie showing that one entity's contacts can be attributed to the other. *See* Opp. at 1 n.1, 10–11.

Ultimately, Barulich cannot demonstrate that discovery into Home Depot's "corporate structure" would yield any facts relevant to the jurisdictional analysis. Those relevant facts are set forth in Home Depot's declaration, and they have not been contradicted by Barulich. The declaration establishes that The Home Depot, Inc. and Home Depot U.S.A., Inc. are separate corporate entities, and it directly contradicts

Barulich's jurisdictional theories as to *both* entities.[6] *See* Sultan Decl. ¶¶ 6, 9. Accordingly, the Court should deny Barulich's request and dismiss both Home Depot entities for this separate reason. *See, e.g.*, *LNS Enterps. LLC*, 22 F.4th at 857 (affirming denial of jurisdictional discovery where defendants "specifically rebutted Plaintiffs' unsupported jurisdictional allegations and arguments," plaintiffs failed to provide "any affidavit or evidence substantiating their requests or describing with any precision how such discovery could be helpful," and plaintiffs' request was based on a "mere hunch"); *Yamashita*, 62 F.4th at 508 (affirming denial where discovery would amount to "little more than a fishing expedition seeking support for jurisdictional theories one of which is farfetched, and the other of which [defendants] have specifically denied via sworn statements"); *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) ("Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery.") (internal quotation omitted)).

## III. CONCLUSION

For the foregoing reasons, this Court should dismiss Barulich's claims against The Home Depot, Inc. and Home Depot U.S.A., Inc. for lack of personal jurisdiction.

---

[6] Barulich remarks that "Defendants' own affidavit [sic] refers to The Home Depot, Inc. and Home Depot U.S.A., Inc. collectively as 'Home Depot'" as if that excuses his own pleading deficiencies. *See* Opp. at 10–11. It does not. Unlike Barulich's FAC, there is no ambiguity with respect to the facts alleged in the declaration, including the key fact that *neither* entity has ever used the Agent Assist technology in question. *See* Sultan Decl. ¶ 6.

Dated: June 21, 2024

KING & SPALDING LLP

*/s/ Julia E. Romano*
Julia E. Romano
S. Stewart Haskins (*pro hac vice*)
Billie B. Pritchard (*pro hac vice*)

*Attorneys for Defendants*
*The Home Depot, Inc. and Home Depot U.S.A., Inc.*

**LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for The Home Depot, Inc. and Home Depot U.S.A., Inc., certifies that this brief contains 3,493 words, which complies with the word limit of L.R. 11-6.1 and Section 6.c. of the Court's Initial Standing Order, Dkt. 17.

Dated: June 21, 2024

KING & SPALDING LLP

*/s/ Julia E. Romano*
Julia E. Romano

*Attorney for Defendants*
*The Home Depot, Inc. and Home Depot U.S.A., Inc.*