UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BARULICH,<br><br>    Plaintiff,<br><br>  v.<br><br>THE HOME DEPOT, INC., *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-01253-FLA (JCx)<br><br>**ORDER DENYING STIPULATION TO STAY ACTION [DKT. 56]** |

  Before the court is Plaintiff Christopher Barulich and Defendants Google LLC ("Google"), Home Depot, Inc., and Home Depot U.S.A., Inc.'s (together, "Home Depot") joint stipulation to stay this action ("Stipulation"). Dkt. 56 ("Stip."). The parties ask the court to stay this action pending the court's ruling on Google's motion to transfer venue to the Northern District of California and Home Depot's motion to dismiss for lack of personal jurisdiction. *See id.*; Dkts. 39, 40.

  A district court has discretionary authority to stay proceedings. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013) (citing *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal 1995)). "It is well-established that a

party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Solida*, 288 F.R.D. at 503 (citation omitted). "[A] district court may enter a protective order staying discovery when a motion to dismiss for failure to state a claim on which relief may be granted is pending if the district court 'is convinced that the plaintiff will be unable to state a claim for relief.'" *Id.* (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)).

    Here, regardless of whether the court transfers this action to the Northern District of California, Plaintiff and Google will need to conduct discovery. Additionally, even if the court were to grant Home Depot's motion to dismiss for lack of personal jurisdiction, Plaintiff could initiate the action in a proper district, in which case Plaintiff and Home Depot would need to conduct discovery. Accordingly, the court exercises its discretion not to stay the action.

## **CONCLUSION**

    For the foregoing reasons, the court DENIES the Stipulation.

    IT IS SO ORDERED.

Dated: August 28, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge